## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 9:25-CV-80890-MATTHEWMAN

DAVID MORRIS CLAYMAN,

      Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

      Defendants.

_____/

### **DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Defendants, the United States of America *et al.*, by and through the undersigned Assistant United States Attorney, hereby moves to dismiss the Complaint [DE 1] ("Complaint") of Plaintiff, David Clayman, pursuant to Federal Rules of Civil Procedure 12(b)(6), and state as follows:

### I.    INTRODUCTION AND BACKGROUND

Plaintiff, who is proceeding pro se, filed the Complaint on July 15, 2025, to challenge the printing of "In God We Trust" on United States coins and currency. [DE 1]. The Complaint alleges that this practice violates the Religious Freedom Restoration Act ("RFRA"), the First Amendment's Establishment Clause and Free Exercise Clause, and the Fifth Amendment's Takings Clause. *Id.* Plaintiff alleges that he and others "observe strict Jewish practices regarding the sanctity of G-d's Name" and that printing the motto on U.S. currency "imposes a substantial burden" on those practices. *Id.* at 2 ¶ 2.  Plaintiff asks the Court for the following relief:

     a.   Prevent the future printing or minting of currency bearing the unhyphenated name of G-d and redesign the currency and motto or motto-name accordingly;

     b.   Provide alternatives for religious objectors, including secular motto designs ideally promoted up to the very title of the currency, ideally with modernized currency better identifiable for those with disabilities like blindness;

     c.   Reform cash bail systems and public services to permit no-fee digital payments; and

     d.   Compensate for burdens suffered under the Fifth Amendment's Takings Claus and via RFRA statutory mechanisms.

[DE 1] at 3.

As explained in detail below, Courts have universally held that the printing of "In God We Trust" on U.S. currency and coins violates neither the Constitution, nor RFRA. Accordingly, the Complaint should be dismissed with prejudice.

## II.   LEGAL STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept the complaint's factual allegations as true and draw reasonable inferences in the plaintiff's favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must allege sufficient facts to state a plausible claim for relief. *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Lowe v. Delta Air Lines Inc*., 730 F. App'x 724, 728 (11th Cir. 2018).

### III.     ARGUMENT

**A.  Including "In God We Trust" on U.S. coins and currency does not place a substantial burden on Plaintiff's religious practices and does not violate RFRA.**

To state a RFRA claim, a plaintiff must allege facts that show the government imposed a substantial burden on his sincere exercise of religion. 42 U.S.C. § 2000bb-1(a); *Marshall v. Bureau of Prisons*, No. 12-cv-20991, 2013 WL 12077449, at *8 (S.D. Fla. Aug. 16, 2013), *adopted*, 2013 WL 12077450 (S.D. Fla. Sept. 17, 2013). Religious exercise includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7). This definition applies to "the performance of (or abstention from) physical acts that are engaged in for religious reasons." *Navy Seal 1 v. Biden*, 574 F. Supp. 3d 1124, 1138 (M.D. Fla. 2021) (quoting *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 693 (2014)). "A substantial burden exists when the Government forces a person to act, or refrain from acting, in violation of his or her religious beliefs, by threatening sanctions, punishment, or denial of an important benefit as a consequence for noncompliance." *New Doe Child No. 1 v. United States*, 901 F.3d 1015, 1026 (8th Cir. 2018) (citing *Hobby Lobby*, 573 U.S. at 719-25). "A facial challenge under RFRA must demonstrate that government action is 'impermissible in all, or at least the vast majority[,] of its intended applications.'" *Navy Seal*, 574 F. Supp. 3d at 1140 (quoting *United States v. Friday*, 525 F.3d 938, 951 (10th Cir. 2008)).

Courts have universally held that printing "In God We Trust" on currency and coins does not substantially burden an individual's religious beliefs. *Newdow v. Peterson*, 753 F.3d 105, 109-10 (2d Cir. 2014); *New Doe Child No. 1 v. Congress of the U.S.*, 891

F.3d 578, 591 (6th Cir. 2018) (government's inscription of "In God We Trust" on currency does not substantially burden plaintiffs' exercise of religion); *New Doe Child No. 1 v. United States*, 901 F.3d 1015, 1025 (8th Cir. 2018) ("While cash may be a convenient means of participating in the economy, there are many alternatives that would not violate the Plaintiffs' stated beliefs. . . . We are aware of no case that has found a substantial burden on similar facts."); *Mayle v. United States*, 891 F.3d 680, 686-87 (7th Cir. 2018) ("because using money is not a religious exercise, and the motto has secular as well as religious significance, [Plaintiff] has not plausibly alleged that the motto's placement on currency increases the burden on practicing [his religion]."); *Newdow v. Lefevre*, 598 F.3d 638, 645-46 (9th Cir. 2010) (motto on U.S. currency did not violate RFRA).

Plaintiff alleges that he cannot use cash currency because it contains "God" in its unhyphenated form, contrary to his religious beliefs, including for paying bail if he is arrested, obtaining goods and services from cash-only businesses, paying cash-only tolls on roadways, and paying surcharges for low-dollar credit transactions. [DE 1] at 12. However, as noted above, courts repeatedly conclude that such burdens are not substantial under RFRA, and Plaintiff's claim must fail.

**B. Printing "In God We Trust" on U.S. currency does not violate the First Amendment's Free Exercise Clause or Establishment Clause.**

1. Free Exercise Clause

Plaintiff next contends that inscribing the motto on U.S. currency violates the First Amendment's Free Exercise Clause. [DE 1] at 20. The Complaint alleges that these actions "prevent Plaintiff from engaging in essential civic and economic life due to religious refusal to desecrate sacred names." *Id.* The Supreme Court has held that

"neutral, generally applicable laws that incidentally burden the exercise of religion usually do not violate the Free Exercise Clause of the First Amendment." *New Doe Child*, 891 F.3d at 591 (quoting *Holt v. Hobbs*, 574 U.S. 352, 356-57 (2015)). Specifically, the *New Doe Child* court explained:

> Because Plaintiffs have not alleged that the currency statutes intended to discriminate against them or suppress their religion, and because caselaw demonstrates that the statutes do not lack any valid secular purpose, the currency statutes are neutral for purposes of the Free Exercise Clause. The statutes are also unquestionably generally applicable. Because neutral and generally applicable laws may incidentally burden religious practices consistent with the First Amendment, we affirm dismissal of Plaintiffs' Free Exercise claims.

*New Doe Child*, 891 F.3d at 592-93. "The Free Exercise Clause requires only that the statutes at issue be neutral and generally applicable." *New Doe Child No. 1*, 901 F.3d at 1025. *See also Gaylor v. United States*, 74 F.3d 214, 216 (10th Cir. 1996); *Mayle*, 891 F.3d at 684 ("[I]t is well-settled that the motto on currency does not violate RFRA or the Free Exercise or Free Speech Clauses.") (*citing Lefevre*, 598 F.3d at 645-46); *Newdow v. Peterson*, 753 F.3d 105, 109-10 (2d Cir. 2014).

In *Wooley v. Maynard*, 430 U.S. 705 (1977), while holding that New Hampshire could not require individuals to display the state motto "Live Free or Die" on their license plates, explained that no such prohibition would apply to currency:

> It has been suggested that today's holding will be read as sanctioning the obliteration of the national motto, "In God We Trust" from United States coins and currency. That question is not before us today but we note that currency, which is passed from hand to hand, differs in significant respects from an automobile, which is readily associated with its operator. Currency is generally carried in a purse or pocket and need not be displayed to the public. The bearer of currency is thus not required to publicly advertise the national motto.

*Wooley*, 430 U.S. at 717 n.15. *See also O'Hair v. Blumenthal*, 462 F. Supp. 19, 20 (W.D. Tex. 1978) (dismissing challenge to constitutionality of "In God We Trust" on currency

and citing *Wooley*, 430 U.S. at 717 n.15). Accordingly, there is no Free Exercise Clause violation and the Complaint is subject to dismissal.

2.   The Establishment Clause

The Establishment Clause prohibits Congress from making any law "respecting an establishment of religion." U.S. Const. amend. 1. When considering whether a practice violates the Establishment Clause, courts consider (1) what the historical practices indicate about the constitutionality of the law, and (2) whether the law is impermissibly coercive. *New Doe Child*, 901 F.3d at 1021. The *New Doe Child* court specifically analyzed these factors with the use of "In God We Trust" on currency, and unequivocally concluded that the Establishment Clause had not been violated. *Id.* at 1021-24. The court explained that the Establishment Clause does not require the Government to purge references to religion or God and that "our 'unbroken history' is replete with these kinds of official acknowledgments, which 'demonstrate that there is a distance between the acknowledgment of a single Creator and the establishment of a religion.'" *Id.* (quoting *Lynch*, 465 U.S. 668, 674 (1984) and *McCreary Cnty. Ky. V. Am. Civ. Liberties Union of Ky.*, 545 U.S. 844, 893 (2005)). The court further explained that "nothing compels [the plaintiffs] to assert their trust in God" and "[c]ertainly no 'reasonable observer' would think that the Government is attempting to force citizens to express trust in God with every monetary transaction." *Id.* at 1024 (citing *Town of Greece, N.Y. v. Galloway*, 572 U.S. 565, 587 (2014)).

**C. The use of "In God We Trust" on U.S. currency does not violate the Fifth Amendment's Takings Clause.**

Plaintiff alleges that he has been deprived of the use of his property in violation of the Fifth Amendment because he is unable to use money that was given to him, as it

6

contains the motto "In God We Trust." [DE 1] at 22. He also contends that his religion prevents him from circulating cash and places a burden on his property rights. *Id.* The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. The Supreme Court has stated that "'the act of taking' is the 'event which gives rise to the claim for compensation.'" *Knick v. Tw'p of Scott, Penn.*, 588 U.S. 180, 190 (2019). However, the government has not taken anything from Plaintiff and, therefore, has not deprived him of any property; Plaintiff simply alleges he cannot use cash because of his objection to the use of "In God We Trust" on currency. Further, just as the use of "In God We Trust" on currency does not violate RFRA or the First Amendment, it also does not violate the Fifth Amendment. The fact that Plaintiff felt he could not accept cash or use it in certain situations simply cannot amount to a taking under the Constitution, and Defendant has uncovered no legal authority to suggest that the Takings Clause could even apply in this situation. Accordingly, this claim should be dismissed.

**D. Dismissal with prejudice is warranted.**

While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys and are thus liberally construed, liberal construction does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Kazmierczak v. FBI*, No. 21-cv-14092, 2021 WL 1873432 (S.D. Fla. Apr. 20, 2021) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014)); *Stone v. Yokohama Bilingual Educ.*, No. 17-cv-24534,

2018 WL 6655601 (S.D. Fla. Oct. 30, 2018) (dismissing frivolous pro se complaint with prejudice). The Complaint asserts no legally cognizable claims.

In addition, Plaintiff has repeatedly filed frivolous actions in this Court, along with a number of frivolous motions and other filings that waste party and judicial resources. In 2025 alone, Plaintiff brought the following actions, both of which were dismissed with prejudice: *David Morris Clayman v. Donald J. Trump, Joseph R. Biden, Republican National Committee Elephant Duopolists, and Democratic National Committee Donkey Duopolists*, No. 25-CV-60120-SMITH (filed Jan. 21, 2025, motion to dismiss with prejudice granted June 2, 2025); *Clayman v. United States*, No. 25-CV-60447-ROSENBERG (filed Mar. 10, 2025, dismissed July 2, 2025). Defendants intend to file a Motion to Deem Plaintiff a Vexatious Litigant to address this issue.

## IV.    CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court DISMISS the Complaint WITH PREJUDICE.

Respectfully submitted,

**HAYDEN O'BYRNE**
**UNITED STATES ATTORNEY**

Date: August 1, 2025        By:    */s/ Darcie A. Thompson*
Darcie A. Thompson
Florida Bar No. 0124888
Assistant United States Attorney
Email: darcie.thompson@usdoj.gov
United States Attorney's Office
500 S. Australian Ave., Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1010
Fax: (561) 820-8777

*Attorney for the United States*

8

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 1st day of August, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and also mailed a copy of this document to the pro se Plaintiff at his address of record.

*/s/ Darcie A. Thompson*
Assistant U.S. Attorney