UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:25-CV-80890-MATTHEWMAN

DAVID MORRIS CLAYMAN,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DEEM PLAINTIFF A VEXATIOUS LITIGANT AND ENJOIN FURTHER FILINGS IN THE SOUTHERN DISTRICT OF FLORIDA[1]**

Defendants, the United States of America *et al.*, by and through the undersigned Assistant United States Attorney, hereby file this Motion to Deem Plaintiff a Vexatious Litigant and Enjoin Further Proceedings in the Southern District of Florida, and in support thereof, state as follows:

**I.  INTRODUCTION AND BACKGROUND**

Beginning in January 2025, Plaintiff, David Morris Clayman, has filed a series of frivolous lawsuits against various government entities and individuals, along with a barrage of motions and demands that his grievances be heard on an expedited basis, among other requests. *See David Morris Clayman v. Donald J. Trump, Joseph R. Biden, Republican National Committee Elephant Duopolists, and Democratic National Committee Donkey Duopolists*,[2] No. 25-CV-60120-SMITH (filed Jan. 21, 2025, dismissed June 2, 2025); *Clayman v. United States*, No. 25-CV-60447-ROSENBERG (filed Mar. 10, 2025, dismissed July 2, 2025). Not only has Plaintiff brought

---

[1] Defendants herein move for injunctive relief, which motion is excepted from the pre-filing conference requirement under Local Rule 7.1.

[2] Plaintiff originally filed this Complaint anonymously as John Doe, but later identified himself by name. It is unclear if Plaintiff has filed additional actions anonymously.

frivolous claims against various Defendants, requiring significant Government resources to formulate a response, he has also filed numerous improper and frivolous motions and other documents that necessitate additional use of already scarce resources. In just six months, Plaintiff has already become a serial filer and vexatious litigant, and he shows no signs of slowing down or stopping the barrage of meritless claims. Accordingly, Defendants ask that the Court exercise its discretion to enjoin Plaintiff from filing additional lawsuits without written permission from the Court.

First, in *Clayman v. Trump*, Plaintiff filed a rambling and confusing complaint that challenged the Presidential candidates' eligibility for office due to their ages, asserted claims under the Religious Freedom Restoration Act ("RFRA") and Sherman Act with no underlying facts, and asked the Court to encourage the Supreme Court to adopt Plaintiff's various proposals. *See* No. 25-CV-61020 at DE 20, 31. In addition, Plaintiff filed numerous improper motions and other documents, including the following: Pre-LLM Motion for an Annual State of the Constitution Address Tradition by the Justices of the Supreme Court, DE 4; Motion to File Address and Identity Under Seal, DE 6; Motion/Manifesto to Extend Hippocratic Hands RFRA Religiously Motivated Political Claims to a General Nationwide Prohibition on Use of Tobacco (and Brain Damaging Childhood Sports, Plus Other Harm Less but not Perfectly Harmless Miracle Berry Topics, DE 9; Motion to Attain or Preserve the Right to Reply as a Pro Se to any Initial Dismissal Before Heading to Appeals, DE 11; Motion to Expedite Proceedings, DE 13; Motion to Unmask, DE 14; Motion to Enter Default (despite a lack of proper service of process), DE 17; Motion to Expedite Proceedings (again), DE 18; Early Response to Anticipated Counterarguments on Constitutional and Statutory Qualifications for the Commander-In-Chief and/or Presidency Role on Advanced

National Security Exception, DE 21; Motion for Hearing on Response to Motion to Dismiss, DE 28; Motion for Leave to File Rule 59 Motion Out of Time, DE 32.

Second, in *Clayman v. United States*, No. 25-CV-60447, Plaintiff challenged the constitutionality of the National Organ Transplant Act, 42 U.S.C. § 274e, which prohibits the purchase and sale of human organs for transplant, despite clear legal authority that (1) he lacked standing to pursue such a claim, and (2) the statute is constitutional. *See* 25-cv-60447 at DE 19, 29. In addition to the Complaint, Plaintiff filed a Motion for Temporary Restraining Order and Motion for Preliminary Injunction, DE 3; a Motion for Expedited Consideration, DE 4; a Motion With Updated Incentive Request on National Community Service Grounds and Updated Proposed Contract, DE 10; A Motion for Case Reassignment to District Judge, DE 12; A Motion for Default Judgment (despite the fact that Defendant had already filed a motion to dismiss prior to the deadline to respond to the complaint), DE 21; a Motion for Extension of Time to Respond to Defendant's Motion to Dismiss, DE 24; and a Motion for Electronic Filing Privileges *after* the Court had already dismissed the Complaint. DE 30.

Finally, in the instant case, which is just getting started, Plaintiff has already filed a Motion for Expedited Consideration, [DE 5], and emailed the U.S. Attorney's Office asking Defendants to respond to the complaint on an expedited basis and that he intends to contact the Court "to request a prompt ruling on the Motion to Expedite and to propose an accelerated briefing schedule." *See* **Exhibit A**, email dated July 28, 2025. Plaintiff also noted that he anticipated Defendants would file a motion to dismiss and he would amend his complaint after reviewing that motion due to important work on another issue. *Id.*

## II.   ARGUMENT

"Federal district courts have the power under the All Writs Act, 28 U.S.C. § 1651, to enjoin vexatious litigants from filing actions in both judicial and non-judicial forums, provided the injunction does not completely foreclose a litigant from any access to the courts." *Jean-Baptiste v. U.S. Dep't of Justice*, No. 23-CV-22531-JEM, 2023 WL 9013864, at *4 (S.D. Fla. Nov. 30, 2023) (quoting *Lustig v. Stone*, No. 15-20150-CIV, 2020 WL 3469719, at *10 (S.D. Fla. June 25, 2020)); *see Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15, 1298 (11th Cir. 2002); *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993); *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981) ("The United States Courts are not powerless to protect the public, including litigants . . . from the depredations of those ... who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings."). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F. 2d 1069, 1073 (11th Cir. 1986).

The All Writs Act "is a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have, derived from some other source." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099 (11th Cir. 2004). This includes the power to "enjoin litigants who are abusing the court system by harassing their opponents." *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980). Notably, "[t]he requirements for a traditional injunction do not apply to injunctions under the All Writs Act because the historical scope of a court's traditional power to protect its jurisdiction . . . is grounded in entirely separate concerns." *Klay*, 376 F.3d at 1100. Pointing to "[a] history of litigation entailing 'vexation, harassment and needless expense to [other parties]' and 'an unnecessary burden on the courts and their supporting

4

personnel' is enough." *Jean-Baptiste*, 2023 WL 9013864, at *4 (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)). Frivolous lawsuits and vexatious litigants divert the Court's and parties' resources from legitimate claims, and "parties defending claims brought by a *pro se* vexatious litigant are penalized because they are required to expend their own time and resources they can never get back even if the case is eventually dismissed." *Ho v. Warren*, 2021 WL 5494374, at *3 (M.D. Fla. Nov. 23, 2021) (declaring the plaintiff a vexatious litigant and enjoining him from filing new lawsuits or documents without court's prior written approval).

When determining whether to enter an injunction against a *pro se* litigant, a district court should consider the following factors: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits, (2) the litigant's motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing, (3) whether the litigant is represented by counsel, (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel, (5) whether other sanctions would be adequate to protect the courts and other parties." *Jean-Baptiste*, 2023 WL 9013864, at *4 (quoting *Ray v. Lowder*, No. 5:02-CV-316-OC-10GRJ, 2003 WL 22384806, at *2 (M.D. Fla. Aug. 29, 2003)).

Here, an analysis of the factors demonstrates that the Court should enjoin Plaintiff from filing additional lawsuits without first obtaining written approval from the Court. First, Plaintiff has filed three patently frivolous lawsuits in six months and shows no indication of ceasing this conduct. Even a cursory review of legal authority shows in plain language that Plaintiff cannot possibly succeed on his claims. And, not only is he filing frivolous claims, he has filed dozens of motions and other documents in these cases, requiring the Court and Defendants to waste resources defending these claims and reviewing the multitude of filings. Second, the Plaintiff's motive in

filing lawsuits appears to involve sharing his political views and dissatisfaction with various circumstances and laws, along with influencing the Court (even the Supreme Court). Third, Plaintiff is proceeding *pro se*, which requires some leniency, but it is obvious even to a non-lawyer that Plaintiff's claims do not have merit. Indeed, in Plaintiff's email to the U.S. Attorney's Office, he expressly mentions that he anticipates a motion to dismiss and he intends to amend his complaint after seeing the motion to dismiss. Fourth, in just six months, Plaintiff has placed a significant burden on Defendant and the U.S. Attorney's Office, causing them to devote already scarce resources to defending Plaintiff's frivolous claims and numerous motions. Fifth, there are no other adequate sanctions to protect the courts and other parties, as Plaintiff has made it clear he will continue filing lawsuits and numerous motions that have no basis in the law.

The present case is a prime example of the waste of judicial and government resources, as the Complaint totals 70 pages with 330 pages of exhibits. The time spent to review these documents and properly analyze the allegations at issue is significant. Plaintiff has repeatedly brought non-meritorious cases in the Southern District of Florida, which is known to have one of the busiest dockets in the country. If he continues to due so, the strain on the judiciary and U.S. Attorney's Office will continue to increase, diverting resources from more urgent and meritorious matters.

### III.  CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court declare Plaintiff, David Morris Clayman, a vexatious litigant and enjoin Plaintiff from filing any additional claims or lawsuits under his name, including on his behalf using either a John Doe designation or any corporate/organizational entity he controls, without the Court's prior written approval.

Respectfully submitted,

**HAYDEN O'BYRNE
UNITED STATES ATTORNEY**

Date: August 1, 2025         By:   */s/ Darcie A. Thompson*
Darcie A. Thompson
Florida Bar No. 0124888
Assistant United States Attorney
Email: darcie.thompson@usdoj.gov
United States Attorney's Office
500 S. Australian Ave., Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1010
Fax: (561) 820-8777

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of August, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and also mailed a copy of this document to the pro se Plaintiff at his address of record.

*/s/ Darcie A. Thompson*
Assistant U.S. Attorney