**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-CV-80890-MATTHEWMAN**

DAVID MORRIS CLAYMAN,

      Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al.,*

      Defendants.

_____/

**DEFENDANT UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF**
**MOTION TO DEEM PLAINTIFF A VEXATIOUS LITIGANT AND**
**ENJOIN FURTHER FILINGS IN THE SOUTHERN DISTRICT OF FLORIDA**

Defendant United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Reply in Support of Motion to Deem Plaintiff a Vexatious Litigant and Enjoin Further Filings in the Southern District of Florida. In support thereof, the United States avers as follows:

**ARGUMENT**

The Eleventh Circuit has affirmed various injunctions — such as pre-filing screening restrictions — against **vexatious** litigants. *Copeland v. Green*, 949 F.2d 390, 931 (11th Cir. 1991); *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 518 (11th Cir. 1991).

**1. PLAINTIFF'S REPEATED FILINGS ARE WASTING JUDICIAL AND GOVERNMENT RESOURCES**

Plaintiff's continued filing of frivolous lawsuits and multitude of meritless filings within those lawsuits is the very definition of vexatious. Black's Law Dictionary defines the term "vexatious" to mean "without reasonable or probable cause or excuse; harassing; annoying." Black's Law Dictionary 1559 (7th ed.1999). The Oxford English Dictionary provides a similar

1

definition. 19 Oxford English Dictionary 596 (2d ed. 1989) (defining "vexatious" for legal purposes as "[i]nstituted without sufficient grounds for the purpose of causing trouble or annoyance to the defendant.").

In the current case alone, the United States has been tasked with reviewing a Complaint, with including attachments, is nearly 100 pages, a Motion for Expedited Consideration, and days after Defendant filed its Motion to Dismiss the Complaint, an Amended Complaint was filed by Plaintiff now totaling 108 pages, including exhibits. Based on a cursory review of the Amended Complaint, Plaintiff has not changed the allegations or claims alleged therein. It continues to contain the same meritless and frivolous claims as the original Complaint. Amending his Complaint was just another opportunity for Plaintiff to waste this Court and the government's time and resources in having to entertain, and now respond again, to essentially the same Complaint.

Plaintiff attempts to rebut Defendant's claim that he has a pattern of filing frivolous lawsuits, by pointing out that one of the lawsuits was dismissed "without prejudice and with leave to reinstate." [D.E. 16 at p. 4].[1] However, what Plaintiff fails to realize is that Judge Rosenberg dismissed the case without prejudice because she found he lacked standing and therefore there was a lack of subject-matter jurisdiction. *Id.* (Noting that a "dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice") (internal quotations omitted). Notably, Judge Rosenberg specifically states in the Order that "[b]ecause Plaintiffs' Complaint must be dismissed for lack of subject-matter jurisdiction, the Court does not reach Defendants' remaining arguments under Rule 12(b)(6) that Plaintiffs have failed to state a claim. *Id.* at *6. This does not mean that Plaintiff's claims in the case were not frivolous, but that he didn't

---

[1] The correct verbiage used in Judge Rosenberg's Order is "Dismissed without Prejudice with Leave to **Amend**." *See Clayman v. United States*, No. 25-cv-60447-ROSENBERG (S.D. Fla. July 2, 2025).

have standing to bring the lawsuit so the Judge couldn't even make it to the merits of the allegations to decide the frivolity of the claims.

Plaintiff also attempts to argue that each of the cases he has brought in the Southern District of Florida involve "different factual bases, different statutes, and different legal questions." [D.E. 16 at p. 6]. However, all three cases involve claims under the "Religious Freedom Restoration Act ("RFRA"), and two of the three cases involve some aspect of "organ donation." Plaintiff's repeated attempts to bring various baseless claims against the United States Government for "violations of the RFRA" are frivolous, meritless, and vexatious.

Finally, Plaintiff attempts to use this Courts Order in *Trump v. Hillary Clinton et al.*, 22-cv-14102-MIDDLEBROOKS, as a way to keep this Court from declaring him a vexatious litigant. However, Plaintiff fails to recognize the difference between that case and the case at hand, Plaintiff is a pro se litigant, and the *Trump* case did not involve any *pro se* parties. Federal statutes do not provide a particular definition of a vexatious litigant; however, it appears from the Eleventh Circuit holdings that a plaintiff must be litigating *pro se* to be declared a vexatious litigant. *See In re Farris*, 330 Fed. Appx. 833, 835 (11th Cir. 2009). Therefore, Plaintiff's comparison between himself and the *Trump* case unavailing, as the Plaintiff in *Trump* was represented by counsel.

## 2. PLAINTIFF'S USE OF AI IS PROBLEMATIC

Courts generally construe filings by *pro se* litigants liberally, but *pro se* litigants must comply with the Federal Rules of Civil Procedure and the Local Rules. *See Moton v. Cowart*, 631 F.3d 1337, 1340 n.2 (11th Cir. 2011) (stating *pro se* litigants must comply with procedural rules); *see also* S.D. Fla. L.R. 1.1 ("When used in these Local Rules, the word 'counsel' shall be construed to apply to a party if that party is proceeding *pro se*.").

"The use of non-existent case citations and fake legal authority generated by artificial intelligence programs has been the topic of many published legal opinions and scholarly articles as of late. Courts that have addressed the practice consistently agree that the use of fake legal authority is problematic and warrants sanctions." *O'Brien v. Flick*, No. 24-61529-CIV-DAMIAN, 2025 WL 242924 (S.D. Fla. Jan. 10, 2025). "Many harms flow from the submission of fake opinions. The opposing party wastes time and money in exposing the deception. The Court's time is taken from other important endeavors… There is potential harm to the reputation of judges and courts whose names are falsely invoked…" *Mata v. Avianca, Inc.,*, 678 F.Supp.3d 443, 448-49 (S.D.N.Y. 2023) (also explaining that fictious citations promote "cynicism about the legal profession and the American judicial system [because]… a future litigant may be tempted to defy a judicial ruling by disingenuously claiming doubt about its authenticity.").

This very Court has recently faced the use of Artificial Intelligence ("AI") which produced "hallucinated case citations." *See Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enterprises, LLC et al.*, No. 17- cv-81140-DIMITROULEAS/MATTHEWMAN, 2025 WL 1440351 (S.D. Fla. May 20, 2025). In *Versant Funding*, this Court recognized its "inherent authority to sanction the misuse of AI when it affects the Court's docket, case disposition, and ruling." *Id*. at *3.

In the current case, Plaintiff cites a total of four (4) cases in his Response to Defendant's Motion [D.E. 16]. All four cases cited by Plaintiff exist, however, not all of the cases cited contain the quotes cited by Plaintiff. In fact, three of the four citations quoted by Plaintiff contain incorrect quotations. Plaintiff cites *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 (11th Cir. 2002) with a quotation that such relief (as requested in Defendant's Motion) is "an extreme remedy" and must be used "sparingly". [D.E. 16 at p. 2]. Neither the words "extreme" nor "sparingly" exist anywhere

in the *Riccard* case. Plaintiff next cites to *Jean-Baptiste v. U.S. Dep't of Justice*, No. 23-cv-22531, 2023 WL 9013864, at *4 (S.D. Fla. Nov. 30, 2023) listing the factors to justify a "pre-filing injunction". [D.E. 16 at p. 3]. However, the factors cited by Plaintiff do not line up with the factors listed in *Jean-Baptiste*. Plaintiff lists (1) a pattern of vexatious, harassing, or duplicative litigation; (2) lack of good faith or intent to harass; (3) lack of legal merit in claims; (4) needless burden on the courts or opposing parties; and (5) lack of effective alternative remedies. *Id*. However, the factors listed in *Jean-Baptiste* are: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Jean-Baptiste v. U.S. Dep't of Justice*, No. 23-cv-22531, 2023 WL 9013864, at *4 (S.D. Fla. Nov. 30, 2023). Finally, Plaintiff quotes **this Court** incorrectly when citing *Trump v. Hillary Clinton et al.*, 22-cv-14102-MIDDLEBROOKS (S.D. Fla. Jan. 19, 2023). Plaintiff quotes this Court as saying "…No one is above the law." [D.E. 16 at p. 13]. Such quote does not exist anywhere in the *Trump* case.

While the misquotations in Plaintiff's Response to Defendant's Motion to Deem him a Vexatious Litigant are not egregious, they show a problematic pattern of what is to be expected should the Plaintiff be allowed to continue to file frivolous and meritless lawsuits in the Southern District of Florida. If the undersigned was able to find these misquotes in a quick review of Plaintiff's Motion, it only tells how many more misquotes or potential "hallucinated" cases exist in the myriad of filings Plaintiff has submitted in Federal Court to date, or will submit in the future if not enjoined from further frivolous filings.

## CONCLUSION

For the foregoing reasons, the United States of America respectfully requests that this Court deem Plaintiff a vexatious litigant and enjoin him from filing further filings in the Southern District of Florida without the Court's prior written approval.

Dated: August 8, 2025                    Respectfully Submitted,

                                         **HAYDEN P. O'BYRNE**
                                         **UNITED STATES ATTORNEY**

                                         By:   */s/ Kelsi R. Romero*
                                               KELSI R. ROMERO
                                               Assistant U.S. Attorney
                                               United States Attorney's Office
                                               Southern District of Florida
                                               Special Bar No. A5502758
                                               500 East Broward Blvd, Suite 700
                                               Fort Lauderdale, FL 33394
                                               kelsi.romero@usdoj.gov

                                               *Counsel for Defendant*