David Morris Clayman / אדם דוד קליימן / דוד משה קליימן, *Pro se*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **David Morris Clayman** ( / אדם דוד / דוד משה קליימן),<br>Plaintiff,<br><br>vs.<br><br>**UNITED STATES OF AMERICA** et. al. | CASE NO. 9:25-CV-80890-WM<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DEEM PLAINTIFF A VEXATIOUS LITIGANT AND ENJOIN FURTHER FILINGS** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiff David Morris Clayman, proceeding pro se, respectfully moves for leave of Court to file a short sur-reply in opposition to Defendant's Motion to Deem Plaintiff a Vexatious Litigant and Enjoin Further Filings, and states:

1. **Local Rule 7.1(c)** limits motion briefing to a motion, a response, and a reply. A sur-reply is permitted only with leave of Court.

2. Defendant's Reply in Support of Motion to Deem Plaintiff Vexatious and Enjoin Further Filings (ECF No. 24) raises **new arguments and introduces new evidence** that were not included in the original motion, including:

    - Newly asserted definitions of vexatiousness
    - New complaints about length and non-novelty of Plaintiff's First Amended Complaint
    - New claim that Plaintiff's cases bear similarities to each other via RFRA or the topic of

    organ donation

- New assertion that 11th Circuit holdings "appears" to protect the US Attorney's Donald Trump Double Standard, preventing Donald Trump from ever being subject to vexatious-litigant treatment as long as he continues paying for vexatious representation by subordinate vexatious legal counsel. As I point out in my sur-reply, that new claim that no double standard exists here due to representation by counsel appears to be patently false under 11th Circuit precedent.

- A correct and important finding from the US Attorney that my AI use was problematic in my *Response to Defendant's Motion*, in that I unwittingly accepted the citation of three incorrect case quotations that I submitted to the Court, one of which (the use of "sparingly" or "extremely") could have been material. This requires a detailed apology and repentance for my "stacked responsibility" on catching and preventing that before it reaches the Court docket.

3. Because these issues were first raised in the reply, Plaintiff has had no prior opportunity to respond. A sur-reply is necessary to address and rebut the new material, to ensure a complete and fair record for the Court's consideration.

4. The proposed sur-reply is concise—limited to 10 (excepting the apology) ~~5~~ pages—and addresses only the new matters raised in the reply.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant leave to file the attached Sur-Reply in Opposition to Defendant's ~~[Motion Title]~~ Motion to Deem Plaintiff Vexatious and Enjoin Further Filings.

*/s/ Adam Clayman/*
s/Plaintiff David Clayman, Currently *Pro se*
7930 Palacio Del Mar Drive
Boca Raton, FL 33433-4148

+1 (321) 252 - 9626
david@clayman.org
david@harmlesshands.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this Monday, the 4th day of August, 2025, I mailed a copy of this document to the Court via certified mail and electronically served a copy of this response to the new and old opposing counsel on the case.

/s/ David M. Clayman
Pro Se Plaintiff

The Undersigned Pro se Plaintiff hereby certifies that I have read and will comply with all judge-specific requirements for Chief Magistrate Judge Matthewman, United States Chief Magistrate Judge for the Southern District of Florida. I further certify that (a) no portion of any filing in this case will be drafted by generative artificial intelligence or (b) that any language drafted by generative artificial intelligence–including quotations, citations, paraphrased assertions, and legal analysis–will be checked exhaustively from here on for accuracy using the freely available resources available to this Pro se Plaintiff by me, as a responsible human being, before being submitted to this Court. I understand that I as the signer on this case will be held responsible for the contents thereof according to applicable rules of Pro se discipline, regardless of whether generative artificial intelligence drafted any portion of this or future filing in this case and regardless of any negligent misrepresentation or contributory fraud in the Undersigned Plaintiff's generative artificial intelligence sources for which the entity providing generative artificial intelligence may be separately found responsible, pending determination by this Court or any Standing Special Master or Standing Judicial Committee so authorized on the subject of AI court compliance in legal writing and research assistance under this Court's jurisdiction.

/s/ David M. Clayman
Pro Se Plaintiff