## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 25-CV-80890-MATTHEWMAN

DAVID MORRIS CLAYMAN,

     Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al.,*

     Defendants.

_____/

### DEFENDANT UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION

COMES NOW, the Defendants, by and through the undersigned Assistant United States Attorney, hereby submit their Response in Opposition to Plaintiff's Motion for Permanent Injunction to Protect Pro Se Plaintiffs from Premature Prejudicial Dismissal [D.E. 31], and in support thereof, states the following:

### INTRODUCTION

Plaintiff filed his Motion for Permanent Injunction to Protect Pro Se Plaintiffs from Premature Prejudicial Dismissal ("Plaintiff's Motion") [D.E. 31] requesting that this Court "issue a permanent injunction enjoining the United States and its officers, agents, servants, employees, and attorneys from seeking prejudicial dismissal of a lawsuit filed by a pro se plaintiff without first making a good faith offer to engage in direct, face-to-face or video conference communication with said plaintiff, and without explaining to the plaintiff the right to amend under Federal Rule of Civil Procedure 15 in light of that discussion." [D.E. 31 at p. 1]. However, the relief requested in Plaintiff's motion is contrary to the Florida Rules of Professional Conduct and the Local Rules for the Southern District of Florida. Further, this Motion only bolsters the Defendants' argument that

Plaintiff is a vexatious litigant, filing further baseless motions to waste the government and this Court's time and resources. As such, this Court should deny the Plaintiff's Motion.

## ARGUMENT

### I.      Plaintiff's Requested Relief is Contrary to the Federal and Local Rules.

Plaintiff's Motion requests that the United States be enjoined from filing a motion to dismiss with prejudice without first conferring with a pro se plaintiff and explaining to the plaintiff Rule 15. *See generally* D.E. 31. Such request runs contrary to both the Florida Rules of Professional Conduct and the Local Rules for the Southern District of Florida.

#### A.  Local Rule 7.1

The Federal Rules of Civil Procedure provide that "a district court, acting by a majority of its district judges, may adopt and amend rules governing its practice." F. R. Civ. P. 83(a)(1). The Southern District of Florida has adopted Local Rules governing the practice of law in its district. *See general* Local Rules for the Southern District of Florida. Local Rule 7.1(a)(3) requires that, prior to filing a motion, counsel for the movant confer with all parties who may be affected by the relief sought in the motion. S.D.Fla. L.R. 7.1. This Local Rule, however, provides several exceptions to this conferral requirement. *See id.* Notably, Local Rule 7.1(a)(3) states that a motion "to dismiss for failure to state a claim upon which relief can be granted" does ***not*** require a conferral prior to filing. Plaintiff's request that the United States be required to confer with all pro se Plaintiffs prior to filing a Motion to Dismiss is contrary to the Local Rules and should be disregarded by this Court.

#### B.  Florida Rule of Professional Conduct 4.3

In addition to Plaintiff's request that the United States be required to confer with all pro se litigants prior to moving to dismiss with prejudice, Plaintiff also requests that the United States be

required to explain Rule 15 to all pro se litigants. [D.E. 31 at 7]. This request runs contrary to Florida Rule of Professional Conduct 4.3. Rule 4.3 states that a "lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel." The United States would be violating the Rules of Professional Conduct if this Court were to enter an Order requiring it to sit down and explain to every *pro se* litigant the meaning of Rule 15 (or any other rule for that matter), and the litigants rights under said rule. *See Hamond v. Strickland*, No. 1:24-cv-395-ECM-JTA, 2025 WL 1021482 (M.D. Ala. Jan. 27, 2025) (Court declining to provide guidance regarding Rule 4 of the Federal Rules as Plaintiff elected to proceed *pro se* and "[t]he court is not their attorney and cannot provide legal advice); *see also Odion v. Google Inc.*, 628 F.App'x 635, 637 (11th Cir. 2015) (recognizing that although the court must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party…"); *Boles v. Georgia*, No. CV423-300, 2023 WL 8529074, at *1 n.1 (S.D. Ga. Dec. 8, 2023) (declining to provide procedural advice to a *pro se* litigant on grounds that "no judge or other court employee may provide legal advice, even to *pro se* litigants"); *Landry v. Davis*, 2009 WL 274242, at *4 (D. Kan. Jan. 26, 2009) ("Federal courts may not provide legal advice to a *pro se* litigant, just as they may not provide legal advice to a party represented by an attorney.").

Just as the courts have consistently held that they cannot provide legal advice to litigants, the United States cannot provide legal advice to *pro se* litigants, especially when its interests are adverse to the *pro se* litigant, as is the case here, as such action would violate the Rules of Professional Conduct. If Plaintiff wants legal advice about his case or the Federal Rules, the United States suggests that he retain an attorney.

## II.     Plaintiff is Not Entitled to "Special Deference" As a *Pro Se* Litigant.

Although "pro se pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that leniency "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action," *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1989). Pro se litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . . [J]udges cannot and must not 'fill in the blanks' for pro se litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

Plaintiff's argument that he should be provided "special deference" or "special solicitude" simply because he is proceeding *pro se* is misguided. Rather, as Chief Judge Altonaga stated, courts may "only cut some linguistic slack in what is actually pled." *Id.* Plaintiff is certainly asking for more than forgiveness over failure to use the proper legal terms. Rather, he is asking to be granted a nationwide injunction affecting 94 districts throughout the country, requiring the United States to violate the Rules of Professional Conduct and provide legal advice to *pro se* litigants, like himself. Such request should be disregarded by this Court as not remotely plausible or ethical.

Further, Plaintiff has completely failed to establish any of the requirements to receive a permanent injunction. *See Alabama v, U.S. Army Corps of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005) ("In order to obtain a permanent injunction, the moving party must show: (1) that he has prevailed in establishing the violation of the right asserted in his complaint; (2) there is no adequate remedy at law for the violation of this right; and (3) irreparable harm will result if the court does not order injunctive relief.").

Given that the relief requested by Plaintiff is not only implausible but unethical, coupled with the fact that Plaintiff did not even remotely establish the requirements to receive a permanent injunction, this Court should deny Plaintiff's Motion.

### III.    This Motion Further Bolsters Defendants' Motion to Label Plaintiff a Vexatious Litigant.

As discussed, above, Plaintiff has filed yet another baseless motion in an already frivolous case, bolstering Defendants' argument that he is a vexatious litigant who should be precluded from filing suit in Federal Court without written permission from the Court. Since Defendants filed their Motion to Declare Plaintiff a Vexatious Litigant [D.E. 14], Plaintiff has filed a Motion for Leave to File Electronically and Emergency Motions [D.E. 18], an Amended Complaint that failed to cure any of the deficiencies of the original Complaint [D.E. 19], Motion for Leave to File Surreply [D.E. 25], Motion for a Federal Special Master [D.E. 26], and the Motion for Permanent Injunction currently at issue in this Response [D.E. 31].

Further, Plaintiff has abused the conferral process both with the undersigned and prior government counsel.  On top of the continued frivolous motions filed by the Plaintiff in this case, the undersigned has received a total of eight (8) emails from the Plaintiff seven of which have been received in less than two weeks, and all of which span multiple pages.[1] Prior to the case being reassigned to the undersigned, AUSA Darcie Thompson received a total of 19 emails from Plaintiff since May of 2025, most of which also spanned multiple pages.  These emails included two absurd requests offering to buy AUSA Thompson's liver or organ for $3,000, and then $3,600. *See* Exhibit

---

[1] In several of the more recent emails, Plaintiff has indicated an intent to, again, amend his Complaint at some point in the future. Plaintiff's intent is clearly to continue to waste government and judicial resources by continually amending his claims after the government spends time and resources in responding to the operative Complaint.

A, June 10, 2025, email.[2] Plaintiff's latest email seeking conferral to add President Trump as a defendant and a stipulation by the government related to bail spanned 9 paragraphs and two full pages.  Further, when undersigned counsel responded to one email objecting to a proposed Second Amended Complaint, stating that such amendment would be futile, she received an email stating in part "You should not have passed the bar." These are just a few examples of the types of statements made in emails from Plaintiff masked as attempted "conferrals." Reviewing, preparing, and responding to the continuous motions and, at times, harassing emails masquerading as conferrals, is a clear waste of the government's time and resources.  Additionally, the Plaintiff is wasting this Court's time and resources in reviewing, analyzing, and ruling on each of the baseless motions filed by Plaintiff (some of them relying upon fictitious caselaw supplied by AI) in the short time since this case's inception.  These problems are multiplied by the number of cases Plaintiff has filed in a very short timeframe in the U.S. District Court for the Southern District of Florida which already has one of the busiest dockets in the United States.[3]

## CONCLUSION

Plaintiff's Motion is clearly implausible, unethical and another waste of the government and this Court's time and resources. The relief requested by Plaintiff would violate both the Florida Rules of Professional Conduct and the Local Rules for the Southern District of Florida. As such, the Court should deny the Plaintiff's Motion for Permanent Injunction.

---

[2] The undersigned attaches this email in compliance with Local Rule 7.7 allowing correspondence between parties as an exhibit, when necessary, when seeking relief from the Court.
[3] Notably, Plaintiff recently informed both this Court and the undersigned that he was in fact a Plaintiff in *New Doe Child #1 v. Congress of the United States*, 891 F.3d 578 (6th Cir. 2018), raising the same issue he is now challenging in the Southern District of Florida. [D.E. 17 at p. 4]. The undersigned is unaware of how many more cases Plaintiff has filed in other districts alleging similar claims.

Dated: August 29, 2025                    Respectfully Submitted,

                                             **JASON A. REDING QUIÑONES**
                                             **UNITED STATES ATTORNEY**

By:    */s/ Kelsi R. Romero*
                                       KELSI R. ROMERO
                                       Assistant U.S. Attorney
                                        United States Attorney's Office
                                        Southern District of Florida
                                        Special Bar No. A5502758
                                        500 East Broward Blvd, Suite 700
                                        Fort Lauderdale, FL 33394
                                        kelsi.romero@usdoj.gov

                                        *Counsel for Defendant*