David Morris Clayman / אדם דוד קליימן / דוד משה קליימן, *Pro se*

FILED BY _____ D.C.
SEP 02 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **David Morris Clayman** ( / אדם דוד / דוד משה קליימן),<br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA et. al. | CASE NO. 9:25-CV-80890-WM<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**SECOND AMENDED COMPLAINT & APPENDICES** |

## PLAINTIFF'S MOTION FOR LEAVE

## TO FILE SECOND AMENDED COMPLAINT

## I. INTRODUCTION

Pursuant to **Federal Rule of Civil Procedure 15(a)(2)**, Plaintiff respectfully moves for leave to file the attached **Second Amended Complaint ("SAC")**. Rule 15 instructs that courts that leave to amend "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The SAC does not merely restate the earlier pleading. It materially clarifies claims, cures deficiencies, and expands the factual and legal record in ways necessary for just adjudication.

It is particularly important that pro se parties be given the opportunity to amend pleadings liberally. As the Supreme Court emphatically instructed in *Foman v. Davis*, 371 U.S. 178, 182

(1962): "this mandate is to be heeded."

Beyond the rule's text, this Court has underscored that procedural technicalities must not bar access to the merits—especially when litigants appear pro se. The Court rejected treating pleading as "a game of skill in which one misstep by counsel may be decisive to the outcome," instead affirming that pleadings exist to "facilitate a proper decision on the merits," not to trap litigants on technical grounds. *Conley v. Gibson*, 355 U.S. 41, 48; see also Rule 1 (courts must administer the Federal Rules to secure "just, speedy, and inexpensive determination of every action")—all underscored in *Foman* and adopted by the Court's rationale.

Given that Plaintiff appears pro se, these principles are especially salient. Without significant legal training, Plaintiff cannot be expected to anticipate every deficiency or foresee what future claims or parties might become essential. The proposed Second Amended Complaint rectifies early oversights and brings to bear newly arisen issues—in line with *Foman's* admonition that leave to amend must be "freely given when justice so requires." Permitting this amendment is not merely procedural fairness; it is systemic justice for a self-represented litigant navigating complex constitutional and statutory claims.

## II. SIGNIFICANT DIFFERENCES BETWEEN FIRST AND SECOND AMENDED COMPLAINTS

**A. Addition of a New Defendant**

The SAC adds **Donald J. Trump**, in his official capacity as President and Commander-in-Chief, to reflect his two **August 25, 2025 Executive Orders** pressuring states and forcing Washington, DC my national capitol to turn against cashless bail. This new executive action directly impacts

Plaintiff's rights and grounds standing further in concrete, recent events.

### B. Strengthened Bail-Related Allegations

Whereas the First Amended Complaint ("FAC") described county-level inconsistencies in bail payment methods, the SAC expands this into a full **Eighth Amendment claim**, alleging excessive bail and cruel punishment where Plaintiff's inability to use legal tender (due to sincere religious belief) renders him "absolutely impoverished" in that medium, despite plentiful liquid or liquidable alternative resources. This same Catch-22 cash-tender-only entrapment affects cashless and cash-low carry Americans, who do not find it prudent or safe to carry around hundreds or thousands of dollars of federal reserve banknotes on their person in order to pay bail if suddenly arrested. The SAC introduces the **CashAlt & FairPay framework**, providing judicially manageable standards to remedy these systemic deficiencies.

### C. Expanded Religious and Historical Foundations

The SAC strengthens the RFRA claim by:

- Detailing Plaintiff's **ordination through the Universal Life Church** and religious grounding in both Jewish and civic-religious frameworks.
- Explicitly addressing and highlighting the curing of the defects perceived by the Sixth Circuit in *New Doe Child No. 1 v. Congress* (false equivalence of payment forms and mistaken fungibility assumptions). Note: The Ohio Northern District and Sixth Circuit case was the only other time any very very small part of the Plaintiff's arguments, burdens, and experiences have ever been brought to the attention of any Court and does not preclude or stop review and judgment in any way in this Court or Circuit.

- Adding more appendices with exegesis on the status of G-d's Sacred Name in foreign languages and an international comparison of failed ultra-Orthodox faction efforts to implement "In G-d We Trust" in Israel, deepening the evidence of historical and religious and international comparative legal foundations of Plaintiff's beliefs.

**D. Significant Revision of First Amendment Free Exercise and Establishment Claims and Eighth Amendment Violations**

The SAC introduces **new and revised counts**, including for example:

- **Very large revision of Count II Free Exercise Clause Violation**
- **Very large revision on Count III Establishment Clause Violation**
- **8th Amendment CashAlt Payment Method and FairPay Funds / Funds-Type Poverty Review Commitment**, tied directly to the recent Executive Orders and connecting to violations of the Eighth Amendment Prohibitions on Excessive Bail and Cruel and Unusual Punishment.

These new and revised counts provide alternative bases for relief and prevent unnecessary dismissal of claims that were incompletely pleaded in the FAC.

**E. More Detailed Remedies**

The SAC expands remedies beyond currency redesign to include a firm "Apollo-mission" deadline for compliance and more discussion of supporting blind and visually impaired currency users equally and equitably on a faster and better guaranteed Apollo mission pace. These remedies are concrete, practicable, and responsive to both statutory and constitutional concerns.

**F. Expanded Factual Record**

The SAC incorporates more experiences from over eleven years of burdens, quantifying financial and spiritual injuries, and drawing on comparative legal examples (e.g., Israeli practices). It provides exhaustive detail to ensure no ambiguity remains as to the sincerity of belief or severity of burdens and references those burdens in comparison to newly cited binding legal standards like:

- Robinson v. California, 370 U.S. 660 (1962),
- Gonzales v. O Centro, 546 U.S. 418 (2006)
- Thomas v. Review Bd., Ind. Empl. Sec. Div., 450 U.S. 707 (1981)
- Burwell v. Hobby Lobby, 573 U.S. 682 (2014), and
- Wisconsin v. Yoder, 406 U.S. 205 (1972)

And there are many other meaningful additions, not fully enumerated, like:

- very critically, in this Second Amended Complaint I explain the nature of legal tender under 31 USC §5103, a set of properties of sacred *In G-d We Trust* cash that no other form of American currency in any format has, and how my inability to circulate or accept such legal tender impacts me and connects to the corporation and associations I control
- more detail about cash payment policies in the US District Court for the Southern District of Florida and other Courts I'm jurisdictionally under
- more pleadings related to the role of and experience with bail bondsmen
- deeper more detailed discussion about what it's actually like to substitute-teach *In G-d We Trust* currency lessons in diverse, pluralistic classrooms
- newly expressed arguments related to ceremonial genericide as a Jewish counterpoint to generic and generifying ceremonial deism reliant on a dicey doctrine of Establishment impotency

- Appendix F discussing the likelihood of future arrest risk and some of my unorthodox views that this highly vexatious Government might try to arrest me for on concocted charges
- Inability to start or invest in a retail business in many jurisdictions in the United States, and Appendix I showing an email I sent asking for religious accommodation in Miami-Dade related to Miami-Dade's cashless retail prohibition ordinance that went completely unanswered.
- A *Table of Contents* to make the pleading more user-friendly.

This is not an exhaustive list. The *Second Amended Complaint* and redlined version capture all the changes.

## III. LEGAL STANDARD

Under Rule 15(a)(2), leave to amend should be granted absent undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman*, 371 U.S. at 182. None of these factors are present here:

- **No undue delay**: The SAC is filed promptly after new executive action and careful legal refinement responding to some of the concerns raised in the *First Amended Motion to Dismiss*.
- **No prejudice**: Litigation is still in its early stages, there's been no judgment or full-briefing or order on a *Motion to Dismiss*.
- **Not futile**: The SAC cures deficiencies and adds substantial factual and legal support, making it more, not less, likely to survive dispositive motions.
- **Prior Notice Provided to Defendants:** Plaintiff notified Defendants that I wished to file a Second Amended Complaint on August 24, 2025, and informed AUSU Romero that I needed to add President Trump as a Defendant on August 26, 2025, after learning of the August 25, 2025 Executive Actions forbidding cashless bail in DC and punishing cashless bail nationwide.

- **Defendants Object to Everything**: AUSA Romero asked me to note in this filing that she wishes to specifically oppose President Trump being added as a Defendant and she generally wishes to object to me filing a *Second Amended Complaint*. She's predictably going to complain about the page count, blowing her reading burden out of proportion; please see the Endnote below about that.

I spent almost a full week redrafting this Second Amended Complaint to make it more difficult or impossible for this Court to dismiss. And please bear in mind, this is the first case that I ever amended; I'm learning the practices and rules of the road on this and learning how to avoid missteps as I go. I hope that this Court will liberally grant leave to file it as required by SCOTUS precedent, as not having this version accepted into the record may prejudice my case at the District Court level or on Appellate Review, seeing as how obstructive, noncooperative, and unaccommodating of any stipulation or matter of law or liberal construction or construal of my pleading the US Attorney (representing the Defendants under the ostensible direction of Congress and the Executive Branch) have been up to this point in time.

## IV. CONCLUSION

**WHEREFORE,** because the *Second Amended Complaint* meaningfully expands and clarifies Plaintiff's claims, adds a newly necessary defendant, cures prior deficiencies, and ensures adjudication on the merits, Plaintiff respectfully requests that the Court grant leave to file the attached *Second Amended Complaint* per the liberal standard of pleading emendation afforded by binding precedent particularly to pro ses and grant leave to add President Donald Trump to the list of defendants, per his August 25, 2025 Executive Actions 14340 (Forcing Cash Bail in Washington, DC) and 14342 (Crushing Federal Pressure Toward Cash Bail Nationwide).

```
                                          s/Plaintiff David Clayman, Currently Pro se
                                          7930 Palacio Del Mar Drive
                                          Boca Raton, FL 33433-4148
                                          +1 (321) 252 - 9626
                                          david@clayman.org
                                          david@lifesaverlabs.us
                                          david@harmlesshands.org
```

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this Tuesday, the 2nd day of September, 2025, I mailed a copy of this document to the Court via certified mail and electronically served a copy of this response to the new and old opposing counsel on the case.

/s/ David M. Clayman
Pro Se Plaintiff

**Endnote**

In response to prior concerns raised by the U.S. Attorney, Plaintiff has prepared and transmitted a redlined comparison of the Second Amended Complaint against the First Amended Complaint to both opposing counsel and Chief Magistrate Judge Matthewman. This was done electronically and simultaneously to expedite review and minimize redundant reading.

The Second Amended Complaint is longer than it otherwise would have been solely because of (1) President Trump's issuance of two Executive Actions on August 25, 2025, and (2) the U.S. Attorney's refusal to stipulate that Plaintiff's substantial burdens as a cashless American qualify as such under RFRA. Those burdens include pretrial detention based on religiously motivated refusal to use cash, which implicates Robinson v. California and the Eighth Amendment. While

the AUSA regularly complains about the length of Plaintiff's pleadings and the workload on her office, she has not cooperated in identifying stipulations or other measures that might have allowed a shorter, more streamlined filing. Instead, Defendants continue to threaten Plaintiff with prolonged pretrial detention—potentially on repeated occasions—based entirely on his Jewish post-Hasmonean religious beliefs if arrested under a cash-tender bail system they seek to preserve nationwide. Given that reality, it is both reasonable and unavoidable that the Second Amended Complaint is detailed and exhaustive.

If the Court grants electronic filing privileges, or otherwise directs it, Plaintiff is prepared to file a 171-page redline comparison of the Second Amended Complaint to the First Amended Complaint, or submit it as an appendix for public convenience. Lacking electronic filing access, Plaintiff cannot presently do so. Moreover, because such filing would reproduce a significant volume of Shaimos (printed forms of G-d's Name) in unwieldy paper form, Plaintiff is religiously reluctant to print and mail it absent electronic filing authorization, which would allow submission in a less burdensome digital format.