David Morris Clayman / אדם דוד קליימן / דוד משה קליימן, *Pro se*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

SEP 10 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| | |
|---|---|
| **David Morris Clayman** ( / אדם דוד משה קליימן), Plaintiff, vs. UNITED STATES OF AMERICA et. al. | CASE NO. 9:25-CV-80890-WM<br><br>**PLAINTIFF'S MOTION TO PROTECT SACRED NAMES OF G-D IN CASE FILES FROM NONRELIGIOUS DESTRUCTION** |

# PLAINTIFF'S MOTION TO PROTECT THE SACRED NAMES OF G-D IN COURT FILINGS AND RECORDS

Plaintiff, appearing pro se, respectfully moves this Court for an Order protecting and preserving the sanctity of the Names of G-d that appear in printed filings, exhibits, and related court records generated in this action, and as grounds therefore states:

## I. INTRODUCTION

In bringing this case before the Court, Plaintiff was required to submit excerpts of religious texts to make his full case most convincingly, including portions of the Talmud, that necessarily contain the sacred Names of G-d ("Shaimos"). Plaintiff made every reasonable effort to minimize the inclusion of these Names in pleadings. Nevertheless, certain occurrences appear in Plaintiff's Original Complaint, First Amended Complaint, and Second Amended Complaint, which have been filed with the Court and, in the case of the Original Complaint, served on Defendants via

sacred hard copy.

Additionally, despite Plaintiff's specific request that the Government avoid reproducing these Names, the U.S. Attorney and Assistant U.S. Attorney have included the sacred Names of G-d in their filings, and further copies may exist in transcripts or other case materials. At present, there is no established convention for abbreviation or respectful substitution of the Names of G-d in federal filings, nor any plan for religiously appropriate handling of such documents during or after the pendency of this case.

## II. RELIGIOUS SIGNIFICANCE AND NEED FOR ACCOMMODATION

According to Jewish custom, law, and practice, printed documents containing the Names of G-d require special handling and ultimately must be deposited in a genizah (a repository for sacred texts) or buried in a Jewish cemetery. Routine disposal or destruction—such as shredding—is a profound desecration and is religiously forbidden. Plaintiff, as a matter of sincerely held religious belief, has a duty to ensure that these documents are preserved and interred properly.

This request does not extend to electronic case files or digital copies, which, under Jewish custom and law, do not require such treatment. The issue is confined exclusively to physical paper copies in the possession of the Court and the Defendants.

## III. BUT-FOR CAUSATION AND PLAINTIFF'S RELIGIOUS RESPONSIBILITY

The sacred Names of G-d at issue would not have been printed but for Plaintiff's decision and effort to bring this action in federal court. The Court's filing requirements necessitated that Plaintiff include certain source texts in order to fully and accurately present his claims. Those filings, once served, created a stream of Shaimos that extends to Defendants' files, the Court's

files, and transcripts or copies in the hands of the U.S. Attorney's Office.

Plaintiff acknowledges that by initiating this action, he bears a religious responsibility to ensure that the resulting Shaimos is handled in a manner consistent with Jewish custom and law. This Motion seeks to discharge that responsibility in a respectful and orderly way, without placing undue administrative burdens on the Court or Defendants.

## IV. IDENTIFICATION OF SHAIMOS PAGES

Plaintiff provides below a listing of pages where sacred Names of G-d appear, based on his best review of filed documents to date. Plaintiff reserves the right to supplement this list as discovery and filings proceed. These page numbers match the Court's page numbering and electronic docket entry numbers are provided for convenient cross-reference.

- Original Complaint (DE 1): [p. 58, p. 60, p. 61, p. 62]
- Cover Letter Sent to Defendants with Original Complaint Hard Copies ("Actually Protecting The National Motto – "In G-d We Trust"") (No Docket Entry): [p. 2]
- First Amended Complaint (DE 19): [p. 46, p. 48, p. 49, p. 50]
- Appendix (Second Amended Complaint) to Motion for Leave to File Second Amended Complaint (DE 35): [p. 87, p. 89, p. 90, p. 91]
- Defendant's Motion to Dismiss (DE 13): [p. 1 - 7]
- Defendant's Motion to Dismiss Amended Complaint (DE 27): [p. 1 - 7]
- Plaintiff's Response in Opposition to Defendant's Motion to Deem Plaintiff a Vexatious Litigant and Enjoin Further Filings (DE 16): [p. 20]
- Plaintiff's Request for Extension of Time and Fallback Response to Motion to Deem Plaintiff Vexatious (DE 36): [p. 8, p. 9, p. 16] (three mistakes by Plaintiff)

- Appendix to Plaintiff's Request for Extension of Time and Fallback Response to Motion to Deem Plaintiff Vexatious (DE 36): [p. 1] (a mistake by Plaintiff)

This section is provided to aid the Court and Defendants in identifying the relevant pages for purposes of notice, retention, and eventual disposition.

## V. COURT POLICY ON SHREDDING AND INSUFFICIENCY UNDER JEWISH CUSTOM AND LAW

When Plaintiff last visited the Clerk's Office at the U.S. Courthouse in West Palm Beach, the Clerk informed Plaintiff that hard copies filed in this Court are retained for approximately one year and then shredded. Plaintiff respectfully emphasizes that **shredding is not an acceptable option under Jewish custom and law for Shaimos**. Shredding constitutes destruction and desecration of sacred Names of G-d.

Accordingly, absent Court intervention, the ordinary retention-and-shredding policy would result in an unavoidable and profound religious violation. This Motion therefore seeks a narrowly tailored accommodation to ensure compliance both with Court policies and with Plaintiff's religious obligations.

## VI. TRANSCRIPTION OF ORAL USE OF THE NAME

Plaintiff further requests that when he speaks the Name of G-d aloud in oral argument, testimony, or any proceeding before this Court, official transcripts should render the Name in an abbreviated or hyphenated form (for example, "G-d" in "In G-d We Trust" or "In G We Trust"), rather than

fully spelling it out.

This limited accommodation will prevent additional instances of Shaimos from being generated through transcription practices, while preserving the accuracy of the record for all substantive purposes.

## VII. REQUESTED RELIEF

Plaintiff respectfully requests that this Court enter an Order providing that:

1. **Hold on Paper Copies.** The Court and Defendants may retain paper copies of filings containing the Names of G-d for as long as necessary for the pendency of this case, including any appeals.

2. **Notice of Disposal.** Before any destruction, shredding, or disposal of case files or Defendants' copies that contain such Names, Plaintiff shall be given reasonable advance written notice.

3. **Opportunity to Retrieve.** Upon notice, Plaintiff shall have the opportunity either to retrieve such documents directly (if local to South Florida) or to receive them by mail (if great distance beyond 80 kilometers from Plaintiff's residential ZIP code so requires), for the sole purpose of placing them in a genizah or arranging for burial in accordance with Jewish custom and law.

4. **Respectful Courtesy in Future Filings.** The Government and Defendants should, to the extent practicable, avoid reproducing the Names of G-d unnecessarily in future filings, whether by abbreviation, hyphenation, or other convention.

5. **Confidential Pages with Work Product.** If any page containing the sacred Names of G-d is also marked with confidential attorney-client privileged material or attorney work product, and

thus cannot be returned to Plaintiff, the U.S. Attorney or Defendants must certify to this Court, under penalty of perjury, that such page has been disposed of in accordance with Jewish Shaimos practices—specifically by deposit in a genizah or by religious burial in a Jewish cemetery.

6. **Transcription Practices.** The Court should instruct its official court reporters, and request Defendants to instruct their transcription services, to render any spoken references (by the Plaintiff, at minimum) to the Name of G-d in abbreviated or hyphenated form (e.g., "G-d") rather than fully spelling out the Name.

7. **Enforcement.** The Court shall reserve authority to hold parties in contempt should they recklessly or deliberately disregard this accommodation and dispose of sacred texts as of the date of this Motion being filed without affording Plaintiff the opportunity to provide religiously required treatment.

## VII. CONCLUSION

This Motion seeks modest relief: to protect the sanctity of a limited number of sacred Names of G-d already appearing in the case file, while imposing no burden on electronic records or ordinary case administration. Granting this relief would respect Plaintiff's sincerely held religious obligations and prevent unnecessary desecration, consistent with the spirit of the Religious Freedom Restoration Act and the Court's broad discretion to manage its own records with sensitivity to litigants' religious concerns.

**WHEREFORE,** Plaintiff respectfully requests that the Court grant this Motion and enter the proposed protections for the Names of G-d appearing in printed filings, transcripts, and case materials.

s/Plaintiff David Clayman, Currently *Pro se*
7930 Palacio Del Mar Drive
Boca Raton, FL 33433-4148
+1 (321) 252 - 9626
david@clayman.org
david@ingwetrust.org
david@inhashemwetrust.org
david@lifesaverlabs.us
david@harmlesshands.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this Monday, the 8th day of September, 2025, I mailed a copy of this document to the Court via certified mail and electronically served a copy of this response to the opposing counsel on the case.

/s/ David M. Clayman
Pro Se Plaintiff

