UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CV-80890-MATTHEWMAN

DAVID MORRIS CLAYMAN,

    Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.
_____/

### DEFENDANT UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendant, United States of America, by and through the undersigned Assistant United States Attorney, hereby submits this Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint, and in support thereof states as follows:

### INTRODUCTION

Plaintiff, proceeding *pro se*, seeks leave to file yet another amended complaint that again suffers the same fatal defects as his prior pleadings. Although Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that leave to amend should be "freely given when justice so requires," the Eleventh Circuit has repeatedly recognized that leave should be denied where amendment would be **futile, unduly prejudicial, or the product of undue delay or bad faith.** *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).

Here, amendment would be futile because Plaintiff's proposed Second Amended Complaint: (1) fails to cure the deficiencies identified in the prior complaints; (2) continues to assert claims barred as a matter of law; and (3) would subject the Defendant to unnecessary

1

prejudice and expense in defending meritless claims. Accordingly, this Court should deny Plaintiff's Motion.

## LEGAL STANDARD

Rule 15(a)(2) provides that courts should freely grant leave to amend "when justice so requires." However, leave to amend may properly be denied upon a showing of **futility of amendment, undue delay, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party.** *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment is futile when the proposed pleading would still be subject to dismissal under Rule 12(b)(6). *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

## ARGUMENT

**I.  Plaintiff's Proposed Second Amended Complaint is Futile**

Despite multiple opportunities to amend, Plaintiff's proposed pleading fails to state a claim upon which relief can be granted.

Every court to consider challenges to "In God We Trust" has rejected them. The Supreme Court has described the motto as having "patriotic or ceremonial character" rather than a religious purpose. *See Lynch v. Donnelly*, 465 U.S. 668 (1984). Other circuits have similarly held that the motto and its inscription on currency are constitutional. *Gaylor v. United States*, 74 F.3d 214, 216 (10th Cir. 1996) (noting that the Supreme Court has repeatedly assumed the motto's constitutionality); *Newdow v. Lefevre,* 598 F.3d 638, 644 (9th Cir. 2010) (holding that the national motto of "In God We Trust" does not violate the Establishment Clause nor the RFRA); *Aronow v. United States*, 432 F.2d 242, 243 (9th Cir. 1970) (The use of In God We Trust "is of a patriotic or ceremonial character and bears no true resemblance to a governmental sponsorship of a religious

exercise"); *O'Hair v. Murray*, 588 F.2d 1144, 1150 (5th Cir. 1979) (rejecting challenge to motto and currency inscription).

Plaintiff cannot plausibly allege a substantial burden here. Merely encountering currency with the national motto does not coerce religious practice, compel affirmation of belief, or prevent religious exercise. Courts have uniformly rejected RFRA challenges to the motto for this reason. *See NewDow v. Peterson*, 753 F.3d 105, 109-10 (2d Cir. 2014) (rejecting claim that currency motto imposed RFRA burden).

Further, Plaintiff now seeks to add the President of the United States as a party to this action. The Supreme Court has clearly held that Presidents are absolutely immune from civil liability. *See Trump v. United States*, 603 U.S. 593 (2024) (*citing Nixon v. Fitzgerald*, 457 U.S. 731 (1982) (holding that a President is "entitled to absolute immunity from damages liability predicated on his official acts."). In *Nixon*, the Court found that in holding the President was immune from suit, "our dominant concern was to avoid diversion of the President's attention during the decision-making process caused by needless worry as to the possibility of damages actions stemming from any particular official decision." *Id*.

### II.     Plaintiff has Repeatedly Failed to Cure Deficiencies

This Court has already permitted Plaintiff to amend his complaint. Despite this opportunity, Plaintiff has failed to remedy the fundamental deficiencies previously identified. The Eleventh Circuit has held that a district court is not required to allow endless amendments when a litigant repeatedly fails to correct defects. *See Hall*, 367 F.3d at 1263; *Bryant*, 252 F.3d at 1163.

With each amendment, Plaintiff simply attempts to add more reasoning behind his alleged "burden" of not using U.S. currency. As discussed above, such amendment does not cure the fatal defects of the claims as every court to encounter a challenge to the national motto of "In God We

Trust" has upheld the constitutionality of the phrase. Importantly, in this proposed amendment, Plaintiff attempts to add the President of the United States as a party, a party that is clearly immune from suit based on Supreme Court precedent.

### III. Allowing Amendment Would Unduly Prejudice Defendant

Requiring Defendant to continue responding to serial, meritless amendments would cause undue prejudice by multiplying litigation costs and delaying resolution of this matter. *Pro se* status does not entitle Plaintiff to unlimited attempts to replead defective claims. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (finding that pro se litigants must comply with procedural rules).

Plaintiff continues to attempt to amend his complaint after the government puts the time and effort into responding to the previous complaint, thus duplicating the amount of work required by the government in this matter. This is on top of the barrage of motions filed by Plaintiff, including motions for special masters, preliminary injunctions, and others. Plaintiff seemingly takes every opportunity to waste the government and this Court's time and resources in reviewing and responding to his repeated, baseless, filings.

### CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny Plaintiff's Motion for Leave to File a Second Amended Complaint.

Dated: September 11, 2025                    Respectfully Submitted,

                                                    **JASON A. REDING QUIÑONES**
                                                    **UNITED STATES ATTORNEY**

                                By:    */s/ Kelsi R. Romero*
                                        KELSI R. ROMERO
                                        Assistant U.S. Attorney
                                        United States Attorney's Office
                                        Southern District of Florida
                                        Special Bar No. A5502758

500 East Broward Blvd, Suite 700
Fort Lauderdale, FL 33394
kelsi.romero@usdoj.gov

*Counsel for Defendant*