UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CV-80890-MATTHEWMAN

DAVID MORRIS CLAYMAN,

    Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al.,*

    Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO PROTECT THE SACRED NAME OF GOD**

COMES NOW, the Defendants, by and through the undersigned Assistant United States Attorney, hereby submits their Response in Opposition to Plaintiff's Motion to Protect the Sacred Names of God in Court Filings and Records [D.E. 40], and in support thereof, states the following:

**INTRODUCTION**

Plaintiff asks this Court to Order the Defendants to avoid reproducing "the Names of G-d" in future filings, dispose of papers according to Plaintiff's religious practices, retain all paper documents containing "God" for the pendency of this action and any appeals, and allow Plaintiff to physically pick up any documents with "God" before disposal by Defendants. *See* [D.E. 40 at pp. 4-5]. This Motion, like many filed by the Plaintiff in this action, is procedurally deficient, legally baseless, and beyond the jurisdiction of this Court.

**ARGUMENT**

Under Federal Rule of Civil Procedure 7(b)(1), a motion must "state with particularity the grounds for seeking the order" and "state the relief sought." Relief must be within the Court's

1

Article III jurisdiction and consistent with the law. Local Rule 7.1 also requires a movant to confer with opposing counsel before filing most motions.

## I.     THE MOTION FAILS PROCEDURALLY

The relief sought in Plaintiff's Motion, i.e. hyphenating the name of God and the return of documents for "religious burial," is not recognized by any federal rule or statute and cannot be granted through motion practice. Under F. R. Civ. P. 7(b)(1), a motion must "state with particularity the grounds for seeking the order" and "state the relief sought." Plaintiff's request that this Court "protect the name of God" by mandating hyphenation or religious burial does not articulate any legal basis, identify any rule or statute authorizing such relief, or explain how the relief relates to a cognizable claim or defense. The Motion is therefore procedurally deficient on its face.

Further, Local Rule 7.1 requires that, prior to filing most motions, a party must confer with opposing counsel and certify in the motion that such conferral occurred. Plaintiff included no certification of conferral, and the undersigned was not contacted regarding this Motion until after Plaintiff indicated he mailed it to the Court. This failure alone warrants denial of the Motion.

## II.    THE COURT LACKS JURISDICTION

Federal Courts cannot engage in the religious act of "protecting" or "returning" God's name. Such relief would impermissibly entangle the Court in religious doctrine, contrary to the Establishment Clause.

Even if the Court were inclined to consider Plaintiff's request, granting it would impermissibly entangle the judiciary in religious matters. Federal courts are bound to remain neutral with respect to religion. *See Engel v. Vitale*, 370 U.S. 421 (1962) ("it is no part of the business of government to compose official prayers for any group of the American people."). Just

as the government cannot prescribe a prayer, it likewise cannot prescribe how "sacred words" must be written.

Similarly, in *County of Allegheny v. ACLU*, 492 U.S. 573 (1989), the Supreme Court reaffirmed that government action violates the Establishment Clause when it has "the effect of endorsing religion." To compel hyphenation of God's name or destruction of documents based on religious practices would be to endorse and enforce a particular religious practice.

The Court in *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1 (2004), warned against judicial involvement in matters "laden with religious significance." Plaintiff's request that this Court "protect" or "return" the name of God for religious burial is precisely the type of theological involvement the First Amendment forbids. Accordingly, there is no legal authority supporting Plaintiff's Motion. To the contrary, binding legal precedent makes clear that the relief sought would itself be unconstitutional.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be denied in its entirety.

Dated: September 15, 2025　　　　　　　　Respectfully Submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By:　*/s/ Kelsi R. Romero*
　　　KELSI R. ROMERO
　　　Assistant U.S. Attorney
　　　United States Attorney's Office
　　　Southern District of Florida
　　　Special Bar No. A5502758
　　　500 East Broward Blvd, Suite 700
　　　Fort Lauderdale, FL 33394
　　　kelsi.romero@usdoj.gov

　　　*Counsel for Defendant*