UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-80890-CIV-MATTHEWMAN

DAVID MORRIS CLAYMAN,

       Plaintiff,

v.

SCOTT BESSANT, in his Official Capacity as Secretary
of the Treasury, et al.,

       Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO PROTECT THE SACRED NAMES OF G-D IN COURT FILINGS AND RECORDS [DE 40]

THIS CAUSE is before the Court upon Plaintiff David Morris Clayman's ("Plaintiff") Motion to Protect the Sacred Names of G-D in Court filings and Records ("Motion") [DE 40]. The Motion is fully briefed. *See* DEs 42, 48.

The Court has carefully reviewed the Motion, Response, and Reply, as well as the entire docket in this case and the relevant case law. Plaintiff is invoking the Religious Freedom Restoration Act ("RFRA") and seeking an Order that he receive notice before any documents containing "scared Names of G-d" related to this case are destroyed. [DE 48]. He also requests an Order requiring "at the conclusion of this case local retrieval accommodation, mailback from great distance, or Smithsonian or National Archives permanent deposit (or optionally instead a religiously appropriate local genizah or burial disposal as described))." *Id.* at 10.  Plaintiff further asks that the Court "[e]ncourage Defendants, as a matter of courtesy, to use avoidant spellings in filings to minimize unnecessary burdens on the Plaintiff and others similarly situated, as a neutral accommodation in this case on this topic." *Id.*

Defendant argues that the Motion is procedurally deficient and that this Court lacks jurisdiction since "[s]uch relief would impermissibly entangle the Court in religious doctrine, contrary to the Establishment Clause." [DE 42 at 2].

As an initial matter, the Court notes that Plaintiff is not permitted to make new arguments in his Reply for the first time. The reply "shall be strictly limited to rebuttal of matters raised in the memorandum of opposition without reargument of matters covered in the movant's initial memorandum of law." S.D. Fla. L.R. 7.1 (c)(1). The Court will not consider new arguments made in future replies.

Next, the Religious Freedom Restoration Act, which is Plaintiff's claimed basis for the relief sought, "applies to all Federal law, and the implementation of that law." 42 U.S.C. § 2000bb-3. Thus, it does not apply in this context where Plaintiff wishes for the Government, and possibly the Court, to change its usual practices in this litigation. And, Plaintiff has not cited any case to support his proposition that the RFRA applies here.

Further, even if the RFRA did apply, it is not to be "construed to affect, interpret, or in any way address" the Establishment Clause. 42 U.SC. § 2000bb-4. Here, the relief sought by Plaintiff would clearly infringe on the Establishment Clause as it would result in the Court "'officially prefe[ring]' one religious denomination over another." *Cath. Charities Bureau, Inc. v. Wisconsin Lab. & Indus. Rev. Comm'n*, 605 U.S. 238, 247–48 (2025) (citing *Larson v. Valente*, 456 U.S. 228, 244 (1982)).

The Court further notes that Plaintiff chose to bring this lawsuit and himself filed many of the documents he now argues are problematic. [DE 40 at 3-4]. Thus, it is somewhat confusing and contradictory for him to claim that the filings in this case are creating a substantial burden on his religious exercise. While the Court cannot grant Plaintiff the relief he seeks in the Motion, the

Court will permit Plaintiff to file his documents in whatever manner he wishes, so long as he acts in full compliance with the Local Rules and the Federal Rules of Civil Procedure.

Based on the foregoing, it is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion to Protect the Sacre Names of G-D in Court filings and Records [DE 40] is **DENIED**.

2. Additionally, Plaintiff's Motion for Hearing [DE 48] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 29th day of September 2025.

WILLIAM MATTHEWMAN
Chief United States Magistrate Judge