David Morris Clayman / אדם דוד קליימן / דוד משה קלייטן, *Pro se*

FILED BY ⎯⎯⎯ D.C.
OCT 02 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **David Morris Clayman** ( / אדם דוד דוד משה קלייטן), Plaintiff, <br> vs. <br> **UNITED STATES OF AMERICA** et. al. | CASE NO. 9:25-CV-80890-WM <br><br> PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE REPLY <br><br> ☑ ~~Completed Full Prefiling Checklist Before Printing~~ |

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE REPLY

## I. INTRODUCTION

Defendant's Motion for Extension of Time to file a reply to Plaintiff's Response (filed on September 21, 2025, D.E. 46) comes eleven (11) days late. The deadline for a reply was September 10, 2025. Defendant has not carried her burden under Federal Rule of Civil Procedure 6(b)(1)(B), which requires a showing of "excusable neglect." This Court should therefore deny the Motion.

## II. FAILURE TO SHOW EXCUSABLE NEGLECT

Rule 6(b)(1)(B) requires a late-filing movant to demonstrate excusable neglect. Defendant offers only that Plaintiff's Response was "buried" among other docket entries. This assertion grossly mischaracterizes the record.

1. Plaintiff's "Request for Extension of Time and Fallback Response to Defendant's Motion

to Dismiss First Amended Complaint" (D.E. 36) was clearly captioned and docketed on September 3, 2025. The Court itself recognized this Response and denied Plaintiff's extension request as moot while confirming that the fallback Response would be considered (D.E. 44).

2. Plaintiff also directly emailed Defendant on August 30, 2025, attaching the Response and advising in the very first lines: "Here are two filings I mailed out yesterday to the Court. One is a Request for Extension and a Response to 1st Amended Motion to Dismiss …". The attachment was labeled as "IGWT Revised Response to Motion to Dismiss Amended Complaint (1).pdf". See attached email, Appendix 1. Defendant's failure to read the docket or its attachments and her own email or her email attachments cannot constitute excusable neglect, no matter how profuse her expressions of apology may be. Even if the docket were confusing, Defendant was expressly notified by email with the Response attached, and still failed to act timely. Attorneys have a professional duty to monitor the docket and communications from opposing parties.

## III. PROFESSIONAL RESPONSIBILITY

The Assistant U.S. Attorney has repeatedly insisted on strict compliance from Plaintiff, often refusing even minor cures. For example:

- Defendant currently continues seeking to strike Plaintiff's Motion for Leave to File a Second Amended Complaint merely because Plaintiff emailed to confer shortly after mailing, rather than before mailing, despite promptly curing the omission once learned.
- Defendant has opposed reopening Doe v. Trump, 0:25-cv-60120, (S.D. Fla.) for limited fashion on reconsideration of Plaintiff's Rule 59(e) motion in that case as Defendant presses advantage over Plaintiff's mistake of filing a Rule 59(e) motion two days late due to confusion over the counting of days (the more excusable error of confusing one month / 30 days with four weeks / 28 days).

If Plaintiff's modest lapses are treated as fatal, then Defendant cannot be excused for filing eleven days late after ignoring both docket entries and direct notice by email.

## IV. PREJUDICE AND RIPENESS

Allowing this late reply would prejudice Plaintiff by prolonging litigation on the First Amended Complaint when a decision on the Motion for Leave to File Second Amended Complaint is

already ripe.

As the Supreme Court held in *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend should be "freely given when justice so requires." The Eleventh Circuit has reinforced this in *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) which Plaintiff is not cooperatively agreeing to the logic of. The Second Amended Complaint is not futile, doesn't to my knowledge suffer any of the defects that were cited against the First Amended Complaint, and bears a very high chance of success surviving any Motion to Dismiss exchange. Critically, if the Second Amended Complaint is accepted, the entire *Reply* then *Leave to File Sur-Reply* then *Sur-Reply* disputation Defendant seeks to reopen here on the stale First Amended Complaint will be moot. Judicial economy favors deciding the pending Motion for Leave to File on the SAC now, rather than indulging untimely filings on the FAC.

## V. DOUBLE STANDARD

The Government cannot demand scorched-earth procedural strictness against a pro se plaintiff while excusing its own neglect. If the U.S. Attorney's Office wishes to cultivate sustained generosity and mutual accommodation, Plaintiff would welcome it. But fairness requires symmetry: a party that opposes every request for leniency cannot credibly demand leniency eleven days after a deadline has passed. Plaintiff is eager to be reciprocally altruistic to the Defendant and vice versa via tit-for-tat with forgiveness ("generous tit-for-tat"), but not only when it is maximally supremely convenient for the Defendant, and for the Plaintiff to trust that the Defendant is seeking to have decisions decided on the merits rather than through excusable procedural lapses the Plaintiff would need to see the Government freely forgive some of Plaintiff's existing or prior procedural lapses that Government harshly sought to exploit or perpetuate and benefit from. That hasn't happened and doesn't seem likely to happen anytime soon.

## VI. CONCLUSION

Defendant has failed to demonstrate excusable neglect under Rule 6(b)(1)(B). Plaintiff respectfully requests that the Court:

1. **Deny Defendant's Motion for Extension of Time (D.E. 46); and**

2. **Proceed to decide Plaintiff's Motion for Leave to File a Second Amended Complaint (D.E. 35),** thereby conserving judicial and party resources and moving us along more expeditiously to *Discovery*.

Respectfully submitted,



s/Plaintiff David Clayman, Still *Pro se*
7930 Palacio Del Mar Drive
Boca Raton, FL 33433-4148
+1 (321) 252 - 9626
david@ingwetrust.org
david@inhashemwetrust.org
david@lifesaverlabs.us
david@clayman.org

**APPENDIX 1**: August 30, 2025 Email to Assistant US Attorney: "Two filings mailed yesterday."

**CERTIFICATE OF SERVICE – ELECTRONIC AND PAPER SERVICE**



# Two filings mailed yesterday
1 message

**David Clayman** <david@clayman.org>  Sat, Aug 30, 2025 at 2:56 PM
To: AUSA Kelsi Romero <kelsi.romero@usdoj.gov>

Dear Mrs. Romero,

Here are two filings I mailed out yesterday to the Court. One is a Request for Extension and a Response to 1st Amended Motion to Dismiss and the other is the refiled Sur-reply that the Judge requested that I file as a separate docket entry. They'll arrive in Court maybe Tuesday and get docketed by Wednesday I suspect.

My plan is to polish the *Second Amended Complaint* and a *Motion for Leave to File*, print them by Sunday, and physically drive those to the Court on Monday morning first thing for faster filing.

*Reformer Sidenote Set #1:*

1. *I still feel like I'm at a significant disadvantage in this case without the electronic filing rights or privileges that, for instance, the 11th Circuit above this Court grants and entrusts to pro se appellees and appellants. One reform I would advance if I ever share meaningful torque or power is universal electronic filing access in every Court district for all pro se U.S. citizens who complete basic training in filing procedures.*
2. *I would also advocate for increased funding and staffing of both U.S. Attorney's Offices and the Federal Courts themselves, even if that means taxes need to be raised responsibly to achieve and sustain it, so that their essential roles in supporting pro se litigation are carried out without resorting to dismissals justified by claims of being overworked or overburdened—dismissals that too often prejudice plaintiffs with legitimate claims. Your office's sense of being overworked should never be a factor to the merits of whether my case or any other pro se plaintiff's meritorious case should be dismissed or disallowed.*
3. *In addition, consistent with federalism principles under the Tenth Amendment, I would promote a nationwide civic-education requirement that every capable public high school student participate in the filing of at least one legal case—mock or real, at the federal, state, or local level—as part of their civics curriculum. Supported by modern AI tools, such a program would prepare students for meaningful civic participation and self-defense, including a sense of fair and economical access to the Courts, help protect future litigants from being railroaded or making easily correctable common mistakes like missing the opportunity to amend you're saying the Government shouldn't be duty-bound to explain to and advise citizens of, and open a national dialogue about the toxic adversarial culture of our legal system—asking whether lawyers must truly litigate as enemies, bickering and refusing to concede any point pleonexically, or whether they can instead serve as systemic problem-solvers and partners who build working relationships, hear each other out, and pursue the common good cooperatively whenever possible, even if they see things differently and can't agree on the problem, the facts, or the solution.*

   Going forward, I will label and separate any reformer side-notes in italics whenever they arise. As I continue through this process, I find it necessary to think through and articulate, in writing, how our legal system might be reformed to better serve human needs rather than only the interests of lawyers. The Government is the audience here, you're part of and representing the Government, and it is unquestionably within my rights to freely petition the Government for redress of grievances and to propose reforms.

David Clayman

---

**2 attachments**

📄 **IGWT Revised Response to Motion to Dismiss Amended Complaint (1).pdf**
   723 KB

📄 **RFRA_IGWT Surreply Vexatious Response.pdf**
   403 KB

I HEREBY CERTIFY that on this 29th day of September, 2025, I served a copy of this response electronically upon opposing counsel of record and, as required by the rules governing pro se litigants in the Southern District of Florida, subsequently printed and mailed a copy of this filing to the Court by certified mail.

Because non-prisoner pro se litigants are categorically denied access to the Court's electronic filing system, I am compelled to rely on postal delivery. This requirement has repeatedly caused substantial burdens, including additional forced mailing expense running into the hundreds of calm (as currently named, dollars), approximately two work-days (15 hours) spent preparing mailings and running to the post office and back, docketing delays, risk of out-of-order or incomplete docket entries, occasional severe legibility issues from malfunctioning home printing, risk of lost or misprocessed filings, difficulty in filing urgent matters within 24 hours or over weekends, earlier day-of deadline enforcement at 6 PM post office closure time for pro ses than attorneys (who can flexibly file as late as 11:59 PM local as needed in a pinch, if they realize their arguments need further last-minute refinement), and docket misunderstandings by opposing counsel. In this particular case, I have already experienced each of these problems at least once between March 2025 and the date of this Certificate of Service.

This process also compels me under Local Rules to submit sacred text like the Names of G-d in the Talmud, Megillat Ta'anit, and supporting documentation and argumentation in paper form as part of bringing this case in an intelligible and complete manner to the Court, raising unresolved concerns under RFRA and the 1st Amendment regarding proper handling at the end of proceedings that the US Attorney and Defendants are resisting settling via reasonable religious accommodation.

Accordingly, I respectfully preserve this objection that a categorical prohibition on electronic filing by non-prisoner pro se litigants imposes unequal burdens that place pro se parties at a significant and severe disadvantage compared with attorneys and those litigants who can more easily justify, afford, or find representation for complex civil litigation like this at full lifetime-compounded cost. According to a report from the Federal Judicial Center, at least 65% of District Courts permit pro ses to file electronically, some with or without prior permission of Court. I reserve the right to seek review of whether these practices in the Southern District of Florida of absolute denial of pro se plaintiff electronic filing privilege access as contrasted with more permissive districts like the Northern District of Illinois, violates the Equal Protection Clause of the Fourteenth Amendment broadly and the Religious Freedom and Restoration Act in this particular case. I further submit that the super-majority of jurisdictions already provide conditional e-filing access to trained or experienced pro se litigants, that I can meet any such reasonable conditions on e-filing access, and that such a system would mitigate these burdens without undermining this or similar Courts' legitimate administrative interests.

1
2  *[signature: Adam Clayman]*
3  /s/ David M. Clayman
4  Pro Se Plaintiff
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

David Clayman
In G We Trust
7930 Palacio Del Mar Dr
Boca Raton, FL 33433-4148

9589 0710 5270 3399 7236 63

Clerk of Courts, US District Court South District FL
701 Clematis Street, Room 202
West Palm Beach, FL 33401

RDC 99

33401

$6.37