UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:25-CV-80890-MATTHEWMAN

DAVID MORRIS CLAYMAN,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.
_____/

### DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Defendants, the United States of America *et al.*, by and through the undersigned Assistant United States Attorney, hereby file this Reply in Support of their Motion to Dismiss the Amended Complaint [D.E. 27] ("Defendants' Motion"), and in support thereof state as follows:

**I. Including "In God We Trust" on U.S. coins and currency does not place a substantial burden on Plaintiff's religious practices and does not violate RFRA.**

As previously set forth in Defendants' Motion, to state a RFRA claim, a plaintiff must allege facts that show the government imposed a substantial burden on his sincere exercise of religion. 42 U.S.C. § 2000bb-1(a); *Marshall v. Bureau of Prisons*, No. 12-cv-20991, 2013 WL 12077449, at *8 (S.D. Fla. Aug. 16, 2013), *adopted*, 2013 WL 12077450 (S.D. Fla. Sept. 17, 2013). "A substantial burden exists when the Government forces a person to act, or refrain from acting, in violation of his or her religious beliefs, by threatening sanctions, punishment, or denial of an important benefit as a consequence for

noncompliance." *New Doe Child No. 1 v. United States*, 901 F.3d 1015, 1026 (8th Cir. 2018) (citing *Hobby Lobby*, 573 U.S. at 719-25).

Plaintiff's attempt to claim a "substantial burden" as a result of the phrase "In God We Trust" being used on currency, is unavailing. Plaintiff routinely brings up jurisdictions with "cash-only" bail and claims he has and would be incarcerated longer for failure to pay his bail in cash, which he claims is a substantial and "unavoidable burden". [D.E. 36 at p. 4]. However, there are several discrepancies with Plaintiff's argument. First, as Plaintiff has previously pointed out, bail-bondsmen are an available alternative that would not require Plaintiff to use cash. *See* D.E. 19 at p. 12. While Plaintiff made the point that bond agents would be a more difficult means of paying his future bail, it does not render him "unable" to pay bail and thus is not a substantial burden. *See New Doe Child #1 v. United States*, 901 F.3d 1015 (8th Cir. 2018). Further, Plaintiff is seemingly attempting to challenge "cash-only" bail, but the Defendants are not the responsible parties for state jurisdictions choosing bail processes and thus would be the improper party to such a challenge.

Plaintiff also attempts to claim a "substantial burden" related to "credit surcharges" as well as several other "burdens", but such arguments are without merit. Plaintiff always has the option of using a ***debit card*** as opposed to a credit card, and he would likely not be subjected to any surcharges. Further, courts have consistently held that to meet the "substantial burden" threshold, there must be more than "mere inconvenience". Rather, Plaintiff would need to show there is "no feasible alternative to using cash to engage in necessary transactions." *New Doe Child #1 v. Congress of United States*, 891 F.3d 578 (6th Cir. 2018). A small fee for the convenience of using a credit

2

card cannot and should not be considered a "substantial burden" as suggested by Plaintiff. Further, as noted in Defendants' Motion, courts repeatedly conclude that the "burdens" described by Plaintiff, such as inability to pay cash tolls, use a coin operated laundromat, or buying a snack from a street vendor, do not constitute a substantial burden under RFRA, and therefore, Plaintiff's claim must fail.

Courts have universally held that printing "In God We Trust" on currency and coins does not substantially burden an individual's religious beliefs. *Newdow v. Peterson*, 753 F.3d 105, 109-10 (2d Cir. 2014); *New Doe Child No. 1 v. Congress of the U.S.*, 891 F.3d 578, 591 (6th Cir. 2018) (government's inscription of "In God We Trust" on currency does not substantially burden plaintiffs' exercise of religion); *New Doe Child No. 1 v. United States*, 901 F.3d 1015, 1025 (8th Cir. 2018) ("While cash may be a convenient means of participating in the economy, there are many alternatives that would not violate the Plaintiffs' stated beliefs. . . . We are aware of no case that has found a substantial burden on similar facts."); *Mayle v. United States*, 891 F.3d 680, 686-87 (7th Cir. 2018) ("because using money is not a religious exercise, and the motto has secular as well as religious significance, [Plaintiff] has not plausibly alleged that the motto's placement on currency increases the burden on practicing [his religion]."); *Newdow v. Lefevre*, 598 F.3d 638, 645-46 (9th Cir. 2010) (motto on U.S. currency did not violate RFRA).

While Plaintiff alleges that the cases above are distinguishable from the current case, such distinction is immaterial. All of the above cases found that "In God We Trust" being placed on currency does not substantially burden a plaintiff's religious beliefs. *See id.* Additionally, the cases Plaintiff cites in support of his argument that his "burdens" are

"substantial" are readily distinguishable. First, in *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014), the corporate plaintiffs were required to pay "an enormous sum of money" – millions of dollars, as a consequence of the government action. *See id.* Similarly, in *Wisconsin v. Yoder*, 406 U.S. 205 (1972), the plaintiffs were **forced** to comply with the law or face criminal sanctions. *See id*. Such penalties are not the case here. Plaintiff alleges that, based upon his religious beliefs, he cannot carry cash. However, no one is forcing him to carry cash. So, he cannot use a laundromat that only takes coins, or can't eat at a local street vendor; courts have held such situations are inconveniences, not a "substantial burden" on religion.

Plaintiff also attempts to distinguish his previously filed case of *New Doe Child No. 1*, from the current case, but as discussed more fully below, the cases are nearly identical. The Defendants do not "mandate" that the Plaintiff use cash, and while it may be inconvenient at times to use a credit or debit card, it is not a "substantial burden" under current caselaw.

Further, Plaintiff cannot escape *res judicata* in this case, where he again challenges the placement of "In God We Trust" on currency. The purpose behind the doctrine of *res judicata* is that the "full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States,* 440 U.S. 147 (1979). *Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding. *Citibank, N.A. v. Data Lease Financial Corp.,* 904 F.2d 1498 at

1501 (citing *I.A. Durbin, Inc. v. Jefferson Nat. Bank,* 793 F.2d 1541, 1549 (11th Cir.1986)).

Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. *Id*. All such elements are met in this case. In *New Doe Child No. 1*, Plaintiffs (including the Plaintiff in this case) alleged that "the inscription of the motto 'In God We Trust' on national currency violated their rights under the RFRA, the Free Exercise and Free Speech Clauses of the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment, as incorporated by the Due Process Clause of the Fifth Amendment." *New Doe Child No. 1*, 891 F.3d at 578 (6th Cir. 2018). Plaintiff in this case brings claims under the RFRA, the First Amendment and the Fifth Amendment to challenge the printing of the national motto "In God We Trust" on U.S. currency. [D.E. 19 at ¶ 1]. *New Doe Child No. 1* resulted in a final judgment on the merits. The judgment was rendered by a court of competent jurisdiction and affirmed by the Sixth Circuit Court of Appeals. *See id.* Plaintiff in this case was a party to the Sixth Circuit action. Finally, as discussed above, the claims alleged are essentially identical. Plaintiff may have alleged some of the claims with more specificity in the current case, but such action does not defeat *res judicata*. *See, e.g.*, *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990) ("*Res judicata* applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact."); *Rodemaker v. City of Valdosta Board of Education*, 110 F.4th 1318

at 1330 (11th Cir. 2024) ("Factual allegations do not need to be identical to arise out of the same nucleus of operative fact. The nucleus is the core, not the core and every layer, crack, and fissure.").

**II. Printing "In God We Trust" on U.S. currency does not violate the First Amendment's Free Exercise Clause or Establishment Clause.**

    1. Free Exercise Clause

Plaintiff confuses the RFRA and the Free Exercise clause. "In the constitutional context—which is distinct from RFRA claims—only a law that is not neutral or of general applicability 'must be justified by a compelling governmental interest and must be narrowly tailored to advance that interest.'" *New Doe Child No. 1 v. Congress of United States,* 891 F.3d 578 (6th Cir. 2018) (*quoting Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531–32, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993)). Just as the Sixth Circuit found in *New Doe Child No. 1,* so the same is true here; "the currency statutes are neutral for purposes of the Free Exercise Clause" and "unquestionably generally applicable." *Id*. Accordingly, there is no Free Exercise Clause violation, and the Amended Complaint is subject to dismissal.[1]

    2. The Establishment Clause

Plaintiff again confuses the issues when addressing his claim under the Establishment Clause. The Establishment Clause prohibits Congress from making any law "respecting an establishment of religion." U.S. Const. amend. 1. When considering whether a practice violates the Establishment Clause, courts consider (1) what the

---

[1] Defendants would also like to bring to the Court's attention discrepancies in Plaintiff's arguments. Plaintiff alleges that he is "forced to abstain from cash in many life-critical transactions," [D.E. 36 at p. 8] yet states in his Amended Complaint that his children can use cash if "life is at stake." [D.E. 19 at p. 17]. Based on Plaintiff's Amended Complaint, cash is an available alternative for him if "life is at stake," such as emergency situations.

historical practices indicate about the constitutionality of the law, and (2) whether the law is impermissibly coercive. *New Doe Child*, 901 F.3d at 1021. As pointed out in Defendants' Motion, the *New Doe Child* court specifically analyzed these factors with the use of "In God We Trust" on currency and unequivocally concluded that the Establishment Clause had not been violated. *Id.* at 1021-24. Plaintiff attempts to distinguish the litany of cases that have held that placing "In God We Trust" on currency does not violate the Establishment Clause, by discussing his alleged burdens as a result of the phrase. [D.E. 36 at p.10]. However, as discussed above, the test for whether the Establishment Clause has been violated is not about individuals' burdens, but rather the historical practices and the coerciveness of the statute itself.

Related to the coercive aspect of the analysis, Plaintiff's claim also fails. While courts have recognized the "convenience" of carrying cash, they have also recognized it is not a mandate. *See New Doe Child No. 1 v. United States*, 901 F.3d 1015 (8th Cir. 2018). The Plaintiff's Establishment Clause challenge in this case disregards *Galloway*'s caution that "Government may not mandate a civic religion that stifles any but the most generic reference to the sacred any more than it may prescribe a religious orthodoxy." *Town of Greece, New York v. Galloway et al.,* 572 U.S. 565; *see also Lee v. Weisman*, 505 U.S. 577, 598 (1992) ("A relentless and all-pervasive attempt to exclude religion ... could itself become inconsistent with the Constitution."); *Bormuth v. Cty. of Jackson*, 870 F.3d 494, 522 (6th Cir. 2017) (en banc) (Sutton, J., concurring) ("All references to any one faith or to religion in general, [the plaintiff] says, must be removed from governmental proceedings. Who is coercing whom under that approach? And what are we establishing?"). Because the long-standing tradition of placing "In God We Trust"

on U.S. money aligns with the original understanding of the Establishment Clause, the Plaintiff's claim must fail.

### III. The use of "In God We Trust" on U.S. currency does not violate the Fifth Amendment's Takings Clause.

Plaintiff cites to no case law or other authority to support his allegation that placing "In God We Trust" on currency violates the Takings Clause. [D.E. 36]. The Supreme Court has stated that "'the act of taking' is the 'event which gives rise to the claim for compensation.'" *Knick v. Tw'p of Scott, Penn.*, 588 U.S. 180, 190 (2019). As Defendants have already pointed out, the government has not taken anything from Plaintiff and, therefore, has not deprived him of any property; Plaintiff simply alleges he cannot use cash because of his objection to the use of "In God We Trust" on currency. Further, just as the use of "In God We Trust" on currency does not violate RFRA or the First Amendment, it also does not violate the Fifth Amendment. The fact that Plaintiff felt he could not accept cash or use it in certain situations simply cannot amount to a taking under the Constitution, and there is no legal authority the undersigned has found to suggest that the Takings Clause is applicable to this situation. Accordingly, this claim should be dismissed.

### IV. Dismissal with prejudice is warranted.

As this Court is well aware, Plaintiff has a history of filing frivolous motions in the current case and is currently trying to file yet another Amended Complaint containing similarly baseless allegations that fail to cure the current deficiencies contained in the Amended Complaint. While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys and are thus liberally construed, liberal construction does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise

deficient pleading in order to sustain an action." *Kazmierczak v. FBI*, No. 21-cv-14092, 2021 WL 1873432 (S.D. Fla. Apr. 20, 2021) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014)); *Stone v. Yokohama Bilingual Educ.*, No. 17-cv-24534, 2018 WL 6655601 (S.D. Fla. Oct. 30, 2018) (dismissing frivolous pro se complaint with prejudice). The Second Amended Complaint asserts no legally cognizable claims. Although the Court declined to label Plaintiff a vexatious litigant due to the limited record before it, the continued baseless motions and attempts to file additional complaints that contain no legally cognizable claims bolsters Defendant's assertion that Plaintiff is a vexatious litigant and continues to waste judicial and government resources. As such, this Court should dismiss the Amended Complaint *with prejudice*.

## I.   CONCLUSION

WHEFORE, for the foregoing reasons, Defendants respectfully request that this Court DISMISS the Amended Complaint WITH PREJUDICE.

          Respectfully submitted,

          **JASON A. REDING QUIÑONES**
          **UNITED STATES ATTORNEY**

By:   */s/ Kelsi R. Romero*
      KELSI R. ROMERO
      Assistant U.S. Attorney
      United States Attorney's Office
      Southern District of Florida
      Special Bar No. A5502758
      500 East Broward Blvd, Suite 700
      Fort Lauderdale, FL 33394
      kelsi.romero@usdoj.gov

      *Counsel for Defendant*