Case 9:25-cv-80890-WM   Document 56   Entered on FLSD Docket 10/20/2025   Page 1 of 5

FILED BY ___ D.C.
OCT 17 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

David Morris Clayman / אדם דוד קליימן / דוד משה קליימן, *Pro se*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **David Morris Clayman** ( / אדם דוד / דוד משה קליימן), Plaintiff, vs. **UNITED STATES OF AMERICA** et. al. | CASE NO. 9:25-CV-80890-WM  **PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND EXPANDED PAGE LIMIT FOR SUR-REPLY**  ☑ **Completed Full Prefiling Checklist Before Printing** |

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND REQUEST FOR EXPANDED PAGE LIMIT TO FILE SUR-REPLY TO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiff David Morris Clayman, appearing reluctantly pro se, respectfully moves pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Local Rule 7.1(c)(2) for (1) a short extension of time to file a Sur-Reply in response to **Defendants' Reply in Support of Motion to Dismiss Amended Complaint** (D.E. 53), and (2) prior permission and leave to exceed the ordinary ten-page limit for such filing, up to **fifteen (15) to twenty (20) pages**, with the Plaintiff pledging to make a serious effort to be as concise as the subject matter allows and to only reply and respond to new issues and claims in the Defendant's reply.

Plaintiff shows good cause as follows:

### I. INTRODUCTION AND GOOD-CAUSE STATEMENT

Defendants' Reply, filed October 10, 2025, raises an unusual number of **new issues** that were not presented in their Motion to Dismiss (D.E. 27). Among them are (1) a newly asserted **res judicata** defense; (2) new factual and legal arguments concerning state "cash-only bail" systems and alleged lack of federal responsibility; (3) a new "alternative-means" theory premised on debit-versus-credit strategic usage; (4) new hypotheticals and attempts at reframing of Plaintiff's burdens as "mere inconveniences"; and (5) additional case citations and comparisons to *Burwell*

v. *Hobby Lobby Stores, Inc.* and *Wisconsin v. Yoder* not found in the original motion that distort past controlling precedent and burden thresholds. These new theories significantly expand the scope of the motion practice and cannot be fairly or fully addressed within the standard page limits.

## II. NEED FOR EXTENSION OF TIME

Plaintiff respectfully requests **14 days** from the date of Defendant's filing (October 24, 2025) to prepare a comprehensive Sur-Reply that addresses these newly raised arguments with appropriate citations and legal support.

The Reply was filed on October 10, 2025; Plaintiff, proceeding pro se, is doing this alone, is not a legal professional, doesn't have staff he can direct yet, and a significant number of life events and business duties have come up in this past week that have prevented him from being able to focus on this case completely or to the level necessary to sur-reply sufficiently within a strict seven day timeframe, including a critically important personal medical and legal proceeding that happened this week that required many dozens of hours of significant preparation and a randomly burst supply line attached to Plaintiff's bathroom sink that forced Plaintiff to drop everything he was doing to clean up a bathroom flood and investigate emergency repairs. Good cause therefore exists for modest additional time.

## III. NEED FOR EXPANDED PAGE LIMIT (15–20 PAGES)

Under Local Rule 7.1(c)(2), a response or reply memorandum ordinarily may not exceed ten pages without leave. However, the Reply adds multiple discrete legal issues that together require thorough yet concise treatment. Plaintiff estimates without any reliable experience estimating:

- **Res judicata response** ≈ 5 pages (an issue not previously briefed and requiring separate element-by-element analysis, with a lot of primary and legal alternative arguments, and a need to explain the history of my involvement and status in *New Doe Child No. 1 v Congress*);

- **Improper-party, state-bail, and extensive other substantial burdens arguments** ≈ 3 pages;

- **Alternative-means and substantial-burden analysis** ≈ 3 pages;

- **Remaining new factual and constitutional distinctions** ≈ 2-3 pages.

The Plaintiff reminds this Court of Brandolini's Law, also known as the Bullshit Asymmetry Principle: *"The amount of energy needed to refute bullshit [disconcern for truth] is an order of magnitude bigger than to produce it."* It takes way more energy for the Plaintiff to fully knock down all aspects of the Defendant's arguments, especially the res judicata argument, than it took for the Defendant to raise them.

A total of **15 to 20 pages** will allow Plaintiff to address each issue proportionately and prevent piecemeal or incomplete briefing that could hinder judicial efficiency later. This request is made in good faith, not for delay, and will aid the Court by presenting a complete record before decision. If the Plaintiff on writing these arguments finds that he has overestimated how much page space is needed to reply, and finds that the Brandolini counterproof burden is not so exhausting as he currently expects, he will try to get as close to 10 pages as he can. It would just be a manifest injustice if this case were sidelined because Plaintiff didn't have enough pages to fully counteract this cavalclade of new arguments in the Defendant's Reply.

## IV. CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(2), Plaintiff emailed Assistant U.S. Attorney Kelsi Romero on Monday, October 13th, 2025 to confer regarding these motions. Defendant does not oppose the extension of time to October 24th, 2025. Defendant does oppose extending the page length of the sur-reply above 10 pages.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order:

1. Granting Plaintiff an extension of time to at least October 24th, 2025 to file his Sur-Reply; and

2. Authorizing Plaintiff to file a Sur-Reply not to exceed **twenty (20) pages** in length.

Respectfully submitted this 17th day of October 2025.

s/Plaintiff David Clayman, Still *Pro se*

7930 Palacio Del Mar Drive
Boca Raton, FL 33433-4148
+1 (321) 252 - 9626
david@ingwetrust.org
david@inhashemwetrust.org
david@lifesaverlabs.us
david@clayman.org

**CERTIFICATE OF SERVICE – ELECTRONIC AND PAPER SERVICE**

I HEREBY CERTIFY that on this 17th day of October, 2025, I served a copy of this motion electronically upon opposing counsel of record and, as required by the rules governing pro se litigants in the Southern District of Florida, subsequently printed and mailed a copy of this filing to the Court by certified mail.

Because non-prisoner pro se litigants are categorically denied access to the Court's electronic filing system, I am compelled to rely on slow postal delivery or two-hour roundtrip hand delivery to Court. This requirement has repeatedly caused substantial burdens, including additional forced mailing expense running into the hundreds of calm (as currently named, dollars), approximately two work-days (15 hours) spent preparing mailings and running to the post office and back, docketing delays, risk of out-of-order or incomplete docket entries, occasional severe legibility issues from malfunctioning home printing, risk of lost or misprocessed filings, difficulty in filing urgent matters within 24 hours or over weekends, earlier day-of deadline enforcement at 6 PM post office closure time for pro ses than attorneys (who can flexibly file as late as 11:59 PM local as needed in a pinch, if they realize their arguments need further last-minute refinement), and docket misunderstandings by opposing counsel. In this particular case, I have already experienced each of these problems at least once between March 2025 and the date of this Certificate of Service.

This process also compels me under Local Rules to submit sacred text like the Names of G-d in the Talmud, Megillat Ta'anit, and supporting documentation and argumentation in paper form as part of bringing this case in an intelligible and complete manner to the Court, raising unresolved concerns under RFRA and the 1st Amendment regarding proper handling at the end of proceedings that the US Attorney and Defendants are resisting settling via reasonable religious accommodation.

Accordingly, I respectfully preserve this objection that a categorical prohibition on electronic filing and service by non-prisoner pro se litigants imposes unequal burdens that place pro se parties at a significant and severe disadvantage in the Southern District of Florida and other lagging edge judicial district locales compared with attorneys and those litigants who can more easily justify, afford, or find representation for complex civil litigation like this at full lifetime-compounded cost. According to a report from the Federal Judicial Center, at least 65% of District Courts permit pro ses to file electronically, some with or without prior permission of Court. I reserve the right to seek review of whether these lagging edge practices in the Southern District of Florida of absolute denial of pro se plaintiff electronic filing privilege access as contrasted with more permissive districts like the Northern District of Illinois, violates the Equal Protection Clause of the Fourteenth Amendment broadly and the Religious Freedom and Restoration Act in this particular case. I further submit that the super-majority of jurisdictions already provide conditional e-filing access to trained or experienced pro se litigants, that I can meet any such reasonable conditions on e-filing access, and that such a system would mitigate these burdens without undermining this or similar Courts' legitimate administrative interests.

/s/ David M. Clayman
Pro Se Plaintiff