UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CV-80890-MATTHEWMAN

DAVID MORRIS CLAYMAN,

    Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.
_____/

**DEFENDANT UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

COMES NOW, the Defendants, by and through the undersigned Assistant United States Attorney, hereby submits their Response in Opposition to Plaintiff's Motion for Preliminary and Temporary Injunction Blocking the Proposed Trump $1 Coin Design and Any Other Upcoming Religiously Problematic Designs [D.E. 51], and in support thereof, state the following:

**INTRODUCTION**

Plaintiff filed his Motion for Preliminary and Temporary Injunction Blocking the Proposed Trump $1 Coin Design and Any Other Upcoming Religiously Problematic Designs ("Plaintiff's Motion") [D.E. 51] requesting that this Court "enjoin[]… [Defendants], the Secretary of the Treasury" and President Donald Trump from "designing, engraving, striking, printing, or issuing any "quarter-millennial" or other coin or banknote bearing (a) the image and likeness of Donald J. Trump and (b) the motto '*In G-d We Trust*'; and designing, printing, engraving, or minting any new United States coin or banknote that reproduces, displays, or otherwise uses the unhyphenated Divine Name within the National Motto or in any other form of text, inscription, legend, or device, pending the full adjudication of this action." [D.E. 51 at p. 1-2]. However, the relief requested in

1

Plaintiff's motion is contrary to Eleventh Circuit precedent and completely impracticable. Further, this Motion only bolsters the Defendants' argument that Plaintiff is a vexatious litigant, filing further baseless motions causing the government and this Court's to expend time and resources unnecessarily. As such, this Court should deny the Plaintiff's Motion.

## ARGUMENT

### I. Plaintiff's Requested Relief is Not Proper.

Plaintiff's Motion requests that the Defendants and **the President of the United States** be enjoined from "designing, engraving, striking, printing, approving, or issuing any United States coin or banknote that bears the unhyphenated Divine Name ("G-D") … or that depicts the image or likeness of Donald J. Trump…" [D.E. 51, at p. 11]. However, Courts "have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." *E.A. Renfroe & Co., Inc. v. Moran,* 338 F. App'x 836, 838-39 (11th Cir. 2009). The Court lacks the authority to enjoin individuals who have not been named as parties. *See, e.g., Jackson v. Baisden*, No. 21-13004, 2022 WL 610314, at *1 (11th Cir. 2022) (holding the district court lacked jurisdiction to grant an injunction against a non-party); *In re Infant Formula Antitrust Litig. MDL 878 v. Abbott Lab.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (affirming district court's decision that it lacked jurisdiction to issue a preliminary injunction against a non-party). While Plaintiff filed a Motion for Leave to File a Second Amended Complaint adding President Trump, that Motion is opposed by Defendants and has not been granted by this Court. As such, the Court lacks jurisdiction over the relief sought by Plaintiff's Motion and the Court should therefore deny the same.

## II.       Plaintiff is Not Likely to Succeed on the Merits

As discussed more fully in Defendant's Motion to Dismiss Plaintiff's Amended Complaint [D.E. 27], Courts have consistently held that the inclusion of "In God We Trust" on currency does not violate the Establishment Clause. *See Aronow v. United States*, 432 F.2d 242 (9th Cir. 1970) (holding that the motto has no theological or ritualistic impact and is of patriotic or ceremonial character); *Newdow v. Peterson,* 753 F.3d 105, 109-10 (2d Cir. 2014); *New Doe Child No. 1 v. Congress of the U.S.*, 891 F.3d 578, 591 (6th Cir. 2018) (government's inscription of "In God We Trust" on currency does not substantially burden plaintiffs' exercise of religion); *New Doe Child No. 1 v. United States*, 901 F.3d 1015, 1025 (8th Cir. 2018) ("While cash may be a convenient means of participating in the economy, there are many alternatives that would not violate the Plaintiffs' stated beliefs. . . . We are aware of no case that has found a substantial burden on similar facts."); *Mayle v. United States*, 891 F.3d 680, 686-87 (7th Cir. 2018) ("because using money is not a religious exercise, and the motto has secular as well as religious significance, [Plaintiff] has not plausibly alleged that the motto's placement on currency increases the burden on practicing [his religion]."); *Newdow v. Lefevre*, 598 F.3d 638, 645-46 (9th Cir. 2010) (motto on U.S. currency did not violate RFRA).

As has been briefed on many occasions before this Court, Plaintiff's claim that "In God We Trust" violates the Establishment Clause and the RFRA is completely without merit. He is unlikely to succeed on the merits of his claims, as evidenced by the repeated motions to dismiss filed by the Defendant, and as such, a preliminary injunction seeking the same relief should be denied.

### III. Plaintiff Has Not Demonstrated Irreparable Harm

To obtain injunctive relief, harm must be ***actual and imminent,*** not speculative. The absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper. *See Snook v. Trust Co. of Georgia Bank of Savannah, N.A.,* 909 F.2d 480, 486 (11th Cir.1990) (affirming denial of preliminary injunction even though plaintiff established likelihood of prevailing because plaintiff failed to meet burden of proving irreparable injury); *Northeastern Florida Chapter of Ass'n of General Contractors of America v. City of Jacksonville,* 896 F.2d 1283 (11th Cir. 1990) (reversing preliminary injunction based solely on plaintiff's failure to show irreparable injury); *Flowers Indus. v. FTC,* 849 F.2d 551, 552 (11th Cir.1988) (same); *United States v. Lambert,* 695 F.2d 536, 540 (11th Cir.1983) (affirming denial of preliminary injunction and stating that a plaintiff's "success in establishing a likelihood it will prevail on the merits does not obviate the necessity to show irreparable harm"). As the Eleventh Circuit has emphasized on many occasions, the asserted irreparable injury "must be neither ***remote nor speculative,*** but ***actual and imminent***." *City of Jacksonville,* 896 F.2d at 1285 (emphasis added) (quoting *Tucker Anthony Realty Corp. v. Schlesinger,* 888 F.2d 969, 973 (2d Cir.1989)); *accord, Chacon v. Granata,* 515 F.2d 922, 925 (5th Cir.1975) ("An injunction is appropriate only if the anticipated injury is imminent and irreparable.").

There is no indication in Plaintiff's Motion, nor in any online authority, that the design for the coin honoring America's 250th Birthday is final. In fact, the social media post referenced and reproduced in Plaintiff's Motion [D.E. 51 at p. 3] specifically indicates that the rendering is a "first draft." *See id*. Other news outlets that have reported on the rendering have also indicated the design is not imminent or confirmed. *See* https://www.cnbc.com/2025/10/03/trump-face-coin-treasury-dollar.html (last visited October 17, 2025) ("The treasury Department is ***considering*** minting a $1

coin bearing President Donald Trump's likeness on both sides"); *see also* https://www.cbsnews.com/news/trump-coin-treasury-250-anniversary-1-dollar/ (last visited October 17, 2025) ("Treasury Department *may* issue $1 Trump coin for 250th anniversary of U.S. independence");https://www.cnn.com/2025/10/03/business/trump-coin-treasurer-250-anniversary (last visited October 17, 2025) ("A portrait of President Donald Trump *may* be featured on a commemorative $1 coin… *it is not clear* the controversial coin design will be minted…").

At the moment, Plaintiff is not suffering any serious harm from the proposed coin design, let alone irreparable harm, because as discussed above, the design at this point is merely speculative. What the final design of the coin that will be used to commemorate the 250th Anniversary of our Country will look like is purely speculative, and preliminary injunctions cannot be granted based on speculation. *See Church v. City of Huntsville,* 30 F.3d 1332, 1337 (11th Cir.1994) ("a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury").

### IV. The Balance of Equities Weighs Against an Injunction

Granting the injunction would impose significant operational burdens on the government and its agencies, including the U.S. Mint and the Bureau of Engraving and Printing, and would upend longstanding practice. The national motto has been printed on U.S. currency for over 65 years. Enjoining its use would require massive redesign and reprinting, leading to substantial costs and disruption.

In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Production Co. v. Village of Gambell, AK,* 480 U.S. 531 (1987). "In exercising their sound discretion, courts of

equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Weinberger v. Romero–Barcelo,* 456 U.S. 305 (1982); see also *Railroad Comm'n of Tex. v. Pullman Co.,* 312 U.S. 496 (1941). In this case, the burden that the preliminary injunction would impose on the Government's ability to continue to produce and circulate currency, in the same way it has for over 65 years, significantly outweighs the benefit Plaintiff claims a cease in production of currency with "In God We Trust" inscribed thereon would provide him.

V.  **An Injunction is Not in the Public Interest**

The public interest favors maintaining longstanding traditions upheld repeatedly by the courts. Judicial intervention in established and constitutionally permissible government practices risks undermining public confidence in settled law. As mentioned on numerous occasions, courts have consistently held that placing "In God We Trust" on currency is Constitutional. Granting Plaintiff the relief he seeks in the form of this preliminary injunction, would cause a mass disruption in the government's ability to produce and circulate currency and could have massive repercussions to the public. According to the Bureau of Engraving and Printing's Website, in April of 2025 alone, there was 96,000,000 $1 bills printed. *See* https://www.bep.gov/media/6986/download?inline (last visited October 17, 2025). This does not include the number of $10, $20 and $100 bills printed in the same month. Ordering that the government cease printing any currency without a complete redesign to remove "In God We Trust," a motto that has consistently been held constitutional and used for over 65 years in our Country, is impractical and the very definition of a substantial burden.

### VI. This Motion Further Bolsters Defendants' Motion to Label Plaintiff a Vexatious Litigant.

As discussed, above, Plaintiff has filed yet another baseless motion in an already frivolous case, bolstering Defendants' argument that he is a vexatious litigant who should be precluded from filing suit in Federal Court without written permission from the Court. Since Defendants filed their Motion to Declare Plaintiff a Vexatious Litigant [D.E. 14], Plaintiff has filed a Motion for Leave to File Electronically and Emergency Motions [D.E. 18], an Amended Complaint that failed to cure any of the deficiencies of the original Complaint [D.E. 19], Motion for Leave to File Surreply [D.E. 25], Motion for a Federal Special Master [D.E. 26], Motion for Permanent Injunction to Protect Pro Se Litigants, Motion for Leave to File Second Amended Complaint [D.E. 35], Motion for Extension of Time [D.E. 36], Motion to Protect the Sacred Name of God [D.E. 40], and the current Motion for Preliminary Injunction [D.E. 51] at issue in this Response. Reviewing, preparing, and responding to the continuous frivolous motions, is a clear waste of the government's time and resources. Additionally, the Plaintiff is wasting this Court's time and resources in reviewing, analyzing, and ruling on each of the baseless motions filed by Plaintiff in the short time since this case's inception. Although this Court has already denied (without prejudice) Defendants' Motion to Deem Plaintiff a Vexatious Litigant, the Court also warned Plaintiff of continuing to file such baseless and/or frivolous motions. With each additional motion, the Plaintiff continues to waste resources. Defendant respectfully submits that controls should be put in place to limit Plaintiff's filings.

### CONCLUSION

The relief requested by Plaintiff would violate binding Eleventh Circuit precedent. As such, the Court should deny the Plaintiff's Motion for Preliminary Injunction.

Dated: October 20, 2025            Respectfully Submitted,

                                             **JASON A. REDING QUIÑONES**
                                             **UNITED STATES ATTORNEY**

By:     */s/ Kelsi R. Romero*
          KELSI R. ROMERO
          Assistant U.S. Attorney
          United States Attorney's Office
          Southern District of Florida
          Special Bar No. A5502758
          500 East Broward Blvd, Suite 700
          Fort Lauderdale, FL 33394
          kelsi.romero@usdoj.gov

          *Counsel for Defendant*