David Morris Clayman / אדם דוד קליימן / דוד משה קליימן, *Pro se*

FILED BY _AM_ D.C.
OCT 24 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **David Morris Clayman** ( / אדם דוד / דוד משה קליימן), Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA et. al. | CASE NO. 9:25-CV-80890-WM <br><br> **PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY RESPONDING TO DEFENDANT'S REPLY IN SUPPORT OF FIRST AMENDED MOTION TO DISMISS AND MOTION TO DEEM SUR-REPLY FILED IMMEDIATELY (INSTANTER)** <br><br> ☑ Completed Full Prefiling Checklist Before Printing |

# PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' REPLY IN SUPPORT OF FIRST AMENDED MOTION TO DISMISS AND MOTION TO DEEM SUR-REPLY FILED INSTANTER

Plaintiff David Morris Clayman, appearing *pro se*, respectfully moves pursuant to the Court's inherent authority and Local Rule 7.1(c) for leave to file the attached **Sur-Reply in Opposition to Defendants' Reply in Support of First Amended Motion to Dismiss the First Amended Complaint** [D.E. 53], and to deem that sur-reply filed immediately (instanter) upon the Court's grant of this motion.

## I. Good Cause

Defendants' Reply [D.E. 53] introduces **new arguments and factual assertions** that were **not raised** in their Motion to Dismiss [D.E. 27], including:

   1. A new **res judicata / claim-preclusion** defense based on *New Doe Child No. 1 v. Congress of the U.S.*, 891 F.3d 578 (6th Cir. 2018);

   2. A newly asserted factual claim that **bail-bondsmen** constitute a religiously adequate

non-punitive alternative to cash bail;

3. A new **debit-versus-credit** distinction asserting that Plaintiff's burdens are "mere inconvenience";

4. A new argument that **federal defendants are not responsible** for "cash-only" bail practices; and

5. Expanded reliance on *Hobby Lobby* and *Yoder* to introduce a **comparative-penalty test** absent from the Motion.

Because these issues were raised for the first time in the Reply, Plaintiff has not previously had an opportunity to respond. Courts in this District routinely allow sur-replies when a movant raises new arguments or evidence.

## II. Scope and Efficiency

The proposed Sur-Reply (attached as Exhibit A) is narrowly tailored to those newly raised issues and does not repeat prior briefing. Granting leave and deeming it filed *instanter* will promote judicial efficiency and a fully developed record before the Court rules on the dispositive motion.

## III. Relief Requested

Plaintiff respectfully requests that the Court:

1. **Grant** this Motion for Leave;

2. **Deem the attached Sur-Reply (Exhibit A) filed instanter** as Plaintiff's authorized response to new matters raised in Defendants' Reply [D.E. 53]; and

3. Grant such further relief as the Court deems just and proper.

Respectfully submitted this 24th day of October 2025.

_____
s/Plaintiff David Clayman, Still *Pro se*
7930 Palacio Del Mar Drive
Boca Raton, FL 33433-4148
+1 (321) 252 - 9626
david@ingwetrust.org
david@inhashemwetrust.org

david@lifesaverlabs.us
david@clayman.org

**CERTIFICATE OF SERVICE – ELECTRONIC AND PAPER SERVICE**

I HEREBY CERTIFY that on this 24th day of October, 2025, I served a copy of this motion electronically upon opposing counsel of record and, as required by the rules governing pro se litigants in the Southern District of Florida, subsequently printed and mailed a copy of this filing to the Court by certified mail.

I respectfully preserve an objection that the categorical prohibition on electronic filing and service for even non-prisoner pro se litigants imposes unequal substantial burdens that place pro se parties at a significant and severe disadvantage in the Southern District of Florida and other lagging edge judicial district locales compared with attorneys and represented litigants.

_____
/s/ David M. Clayman
Pro Se Plaintiff