David Morris Clayman / אדם דוד קליימן / דוד משה קליימן, *Pro se*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **David Morris Clayman** ( / אדם דוד (דוד משה קליימן), Plaintiff, vs. **UNITED STATES OF AMERICA** et. al. | **CASE NO. 9:25-CV-80890-WM** **PROPOSED ORDER ON FIRST AMENDED MOTION TO DISMISS AND CURRENCY PROTECTION AND SPLICING ORDER** ☐ Completed Full Prefiling Checklist Before Printing |

**PROPOSED ORDER**

THIS CAUSE having come before the Court on Plaintiff's Sur-Reply to Defendants' Reply in Support of Motion to Dismiss, and the Court having reviewed the pleadings, memoranda, and being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Leave to File Sur-Reply is GRANTED, and the Sur-Reply is accepted as timely filed.

2. Defendants' Motion to Dismiss the First Amended Complaint is DENIED.

3. The Court finds that Plaintiff has alleged a sincere religious belief protected under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb et seq.

4. The Court finds that Plaintiff has sufficiently alleged one or more substantial burdens on his sincere religious belief arising from government action, including but not limited to:
   - The printing of the Divine Name on United States currency pursuant to federal statute;
   - The August 25, 2025 Executive Order regarding cash bail policies;
   - The limitation of bail payment methods to cash-only legal tender in certain circumstances.
   - A significant number of clear and convincing other burdens like:
     - extreme difficulty traveling freely throughout the United States on buses or

tollroads,
- barriers to associating freely at cash-entry/cash-cover establishments,
- challenges securing commercial privacy from surveillance capitalism,
- problems transacting with or hiring unbanked individuals and households,
- absurd difficulty accepting cash donations like American cash wedding gifts or spontaneous gifting of cash-based political donations with such funds being effectively "frozen, taken assets" for the purposes of general, non-lifesaving use, forced into imminent life-preserving earmarking instead, or
- near impossibility to justify using coin-operated services like vending machines or laundry machines to adequately handle hunger, thirst, or hygiene disclosed in correspondence and filings.

This list of burdens immediately above deemed substantial being non-exhaustive.

5. This matter shall proceed under strict scrutiny analysis to determine whether Defendants have demonstrated a compelling governmental interest and have employed the least restrictive means of furthering that interest.

6. Plaintiff's Second Amended Complaint is ACCEPTED for filing and shall supersede the First Amended Complaint. The Plaintiff is invited to refile the Second Amended Complaint with a better, more clear and legible printing, as the last attempted filing suffered from poor-quality ink printing.

7. Regarding Currency Modification Relief:

**IT IS FURTHER ORDERED** that, pending final resolution of this action: A. Authorization for Protective Currency Modification Plaintiff David Morris Clayman, and any other persons who hold sincere religious or conscientious objections to the presence of the national motto "In G-d We Trust" on United States currency, are hereby **AUTHORIZED** to carefully remove said motto from currency in their lawful possession according to the following parameters:
- The removal shall be accomplished by precise excision of either:
  - Option A: The word "G-D" alone, or
  - Option B: The complete phrase "IN G-D WE TRUST"
- The removal must be performed carefully to preserve the maximum integrity of the

remaining currency.
- The remaining portions of such currency notes shall retain their denomination markings, serial numbers, and sufficient identifying features to permit authentication.

8. Legal Tender Status Currency modified in accordance with Paragraph 7.A. above shall be deemed "FIT FOR CIRCULATION" and shall NOT be classified as "mutilated," "unfit," or "defaced" currency under 31 C.F.R. § 100.5 or related regulations, provided that:
- Clearly more than 50% of the original note remains;
- The removal was performed solely to accommodate sincerely held religious or conscientious beliefs;
- The remaining currency can be authenticated as genuine by the Bureau of Engraving and Printing or Federal Reserve standards; and
- No removal was performed with fraudulent intent.

9. C. Acceptance and Redemption All federal agencies, Federal Reserve Banks, and federally-insured financial institutions are hereby **ORDERED** to:
- Accept modified currency meeting the criteria in Paragraph 7.B. for deposit, redemption, or exchange at full face value;
- Not classify such currency as unfit for recirculation solely on the basis of the motto removal; and
- Process such currency through normal channels without penalty or discrimination against the bearer.

10. **Private Sector Acceptance**. While this Court cannot compel private businesses to accept modified currency, the Court notes that such currency remains legal tender under 31 U.S.C. § 5103, and private parties may voluntarily accept it.

**Campaign Finance Compliance** Modified currency accepted by Plaintiff for political campaign purposes shall be treated identically to unmodified currency for all campaign finance reporting requirements, provided proper documentation is maintained.

F. **No Criminal Liability** No person shall be subject to prosecution under 18 U.S.C. § 333 (Mutilation of national bank obligations) or any related statute solely for modifying currency in accordance with this Order, provided the modification meets the criteria established herein and is performed with intent to preserve the sanctity of religious text, not to render currency unfit for circulation or for fraudulent purposes.

G. **Preservation of Removed Portions** Individuals removing the motto are encouraged, but not required, to preserve the removed portions in a respectful manner consistent with their religious beliefs.

H. **Sunset Provision** This authorization shall remain in effect until such time as:
- The United States implements an alternative currency design that accommodates Plaintiff's religious objections that adequately saturates the US currency system, or
- This Court issues further orders modifying or vacating this provision, or
- Final judgment is entered in this action with further orders on this subject.

11. Regarding Bail Payment Methods: Defendants are **ORDERED** to show cause within 30 days why the following relief should not be granted:
- A declaration that requiring cash-only payment for federal bail or bond violates RFRA and the 8th Amendment when applied to individuals with sincere civigious (civic religious) or religious objections to handling currency bearing religious text, or individuals who under the 8th Amendment simply carry no or little cash but debit cards, credit cards, checkbooks, or other alternative digital payment methods instead, making any bail or bond beyond the cash they carry at the time of detention unpayably excessive via artificial restriction to a strictly-cash legal tender method;
- An injunction requiring federal detention facilities to accept bail payment via check, debit card, credit card, ACH transfer, or other common electronic payment methods used in ordinary commerce; and
- A prohibition on state or local jurisdictions receiving federal law enforcement funding from maintaining cash-only bail payment policies.

12. Discovery in this matter shall proceed forthwith on the question of less restrictive alternatives, including but not limited to:
- Feasibility and cost of secular motto alternatives;
- Feasibility of polymer currency without printed religious text;
- Universal availability of electronic payment systems for bail;
- Historical precedent for currency design modifications; and
- Comparative international approaches to currency design in pluralistic societies.

13. The two $1 bill specimens submitted with Plaintiff's Sur-Reply as demonstrative exhibits shall be maintained under seal by the Clerk of Court and **SHALL BE RETURNED** to Plaintiff

David Morris Clayman at the conclusion of these proceedings, consistent with his Motion to Return Sacred Names of G-D.

14. Plaintiff's objection to the prohibition on electronic filing for non-prisoner pro se litigants is **NOTED** for the record and preserved for potential appellate review.

15. The Court reserves jurisdiction to modify this Order as justice requires and as further proceedings may dictate.

16. The parties shall confer and submit a proposed case management schedule within 21 days of this Order.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this _____ day of _____, 2025.

_____