UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CV-80890-MATTHEWMAN

DAVID MORRIS CLAYMAN,

    Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al.,*

    Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

COMES NOW, the Defendants, by and through the undersigned Assistant United States Attorney, hereby submits their Response in Opposition to Plaintiff's Motion to Alter or Amend Order Denying Return of Sacred Names of God [D.E. 62], and in support thereof, states the following:

**INTRODUCTION**

Plaintiff is attempting to use Federal Rule of Civil Procedure 59 to challenge this Court's Order denying Plaintiff's Motion to Protect the Sacred Names of God in Court Filings and Records [D.E. 49]. However, Plaintiff does nothing more than attempt to relitigate the issues raised in the original motion and raise new arguments in an effort to convince this Court to change its mind. However, such actions are improper through a motion for reconsideration and should not be entertained by this Court. Further, it is apparent that Plaintiff continues to use Artificial Intelligence (AI) without checking to ensure the cases generated even exist even after being warned by this Court on a previous occasion. *See* D.E. 45 at p.2].

1

**ARGUMENT**

The only grounds for granting a motion for reconsideration are newly discovered evidence or manifest errors of law or fact. *See Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir.2007). A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment. *See id.*

Plaintiff attempts to relitigate issues and present new arguments that were available at the time of Plaintiff's original Motion [D.E. 40] in an attempt to obtain a different result from this Court. However, as the Eleventh Circuit has routinely held, a motion for reconsideration cannot be used to relitigate old matters or raise new arguments. *See King*, 500 F.3d at 1343. Nothing in Plaintiff's motion seemingly attempt to present "newly discovered evidence" or to correct "manifest errors of law or fact."

Plaintiff argues that "Courts routinely release religious items after trial to their owner." [D.E. 62 at p. 4]. However, the only authority Plaintiff cites to support this contention is *United States v. Bovio*, 708 F.Supp.2d 579 (E.D.N.Y. 2010). Unfortunately, this case does not exist and therefore, cannot support Plaintiff's argument. Rather, it is another example of Plaintiff misusing AI and failing to ensure that the legal authority he cites actually exists.[1]

Related to the substantive arguments Plaintiff sets forth in his motion, Defendants rely on and refer this Court to their Response [D.E. 62] and this Court's well-reasoned order [D.E. 49]. Defendants do not see the need to continue to litigate the same issues that this Court has already decided.

---

[1] Defendants can only assume that AI use is the reason for the inclusion of a hallucinated case citation, as Plaintiff has admitted on multiple occasions, including in the motion at issue [D.E. 62] to his use of AI.

2

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be denied in its entirety.

Dated: November 4, 2025               Respectfully Submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By:   */s/ Kelsi R. Romero*
KELSI R. ROMERO
Assistant U.S. Attorney
United States Attorney's Office
Southern District of Florida
Special Bar No. A5502758
500 East Broward Blvd, Suite 700
Fort Lauderdale, FL 33394
kelsi.romero@usdoj.gov

*Counsel for Defendant*