UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-80890-CIV-MATTHEWMAN

DAVID MORRIS CLAYMAN,

      Plaintiff,

v.

SCOTT BESSANT, in his Official Capacity as Secretary
of the Treasury, et al.,

      Defendants.
_____/

## ORDER ON PLAINTIFF'S 59(e) MOTION TO ALTER OR AMEND ORDER DENYING RETURN OF SACRED NAMES OF G-D [DE 62]

THIS CAUSE is before the Court upon Plaintiff David Morris Clayman's ("Plaintiff") 59(e) Motion to Alter or Amend Order Denying Return of Sacred Names of G-d ("Motion") [DE 62]. The Motion is fully briefed. *See* DEs 67, 69.

The Court has carefully reviewed the Motion, Response, and Reply, as well as the entire docket in this case and the relevant case law. Plaintiff is moving for the Court to alter or amend its Order on Plaintiff's Motion to Protected the Sacred Names of G-d in Court Filings and Records [DE 49].

As an initial matter, the Court notes that the only case relied on by Plaintiff in the Motion for the proposition that "Courts routinely release religious items after trial to their owners" is "*United States v. Bovio*, 708 F. Supp. 2d 579 (E.D.N.Y. 2010)." This is an AI-generated hallucination and not an actual case. Plaintiff concedes this fact and apologizes in his Reply.

Plaintiff's Motion solely relies on Federal Rule of Civil Procedure 59(e) as the basis for the relief sought. This rule states that "[a] motion to alter or amend a judgment must be filed no

later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). No judgment has been entered in this case, so Rule 59(e) is inapplicable. *Williams v. Warden, GDCP*, No. 22-10249, 2024 WL 4439968, at *13 (11th Cir. Oct. 8, 2024) ("Rule 59(e) motions are motions to alter or amend a *judgment*, not any nonfinal order."); *Reed v. Royal Caribbean Cruises Ltd.*, No. 19-24668-CIV, 2021 WL 2592888, at *6 (S.D. Fla. May 3, 2021) ("However, motions for reconsideration of an interlocutory order are 'not properly considered under Rule 59(e) but, instead, as simply a request for the district court to revisit its earlier ruling.' 12B Federal Practice and Procedure, Civil Rules, Quick Reference Guide, at 1066 (2019 ed.)"). Therefore, since Rule 59(e) is wholly inapplicable here, Plaintiff's Motion is denied on that ground.

However, even if Rule 59(e) did apply (which it does not), "[t]he only grounds for granting [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "The United States Supreme Court and the Court of Appeals for the Eleventh Circuit have made it clear that Rule 59(e) 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Powell v. Bermudez*, No. 20-CV-20391, 2020 WL 3183316, at *1 (S.D. Fla. June 15, 2020) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)); *see also Stansell v. Revolutionary Armed Forces of Columbia*, 771 F.3d 713, 746 (11th Cir. 2014). Plaintiff has not met the high standard under the rule of showing that there is newly-discovered evidence or that the Court's Order contains manifest errors of law or fact. He is trying to relitigate old matters and to expand upon arguments that could have been raised earlier.

In an abundance of caution, the Court will also analyze the Motion as a motion for reconsideration pursuant Federal Rule of Civil Procedure 60(b), which is the rule the Plaintiff should have traveled under in the first place but failed to even cite. The "purpose of a motion for

2

reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992). Thus, federal courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1352 (S.D. Fla. 2010) (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999)).

In Plaintiff's Motion, he claims that "amendment is necessary to correct a misunderstanding that Plaintiff's request constituted religious endorsement rather than a neutral accommodation under the Religious Freedom Restoration Act … and to prevent manifest injustice by avoiding government-mandated desecration of sacred text." [DE 62 at 2]. There is no such misunderstanding in the Court's Order. It should also be noted that Plaintiff did not even explicitly raise the RFRA issue in the motion [DE 40] upon which the Order was based. He mentioned the RFRA for the first time in his reply in support of that motion, which is improper. Further, to the extent Plaintiff is now relying on the RFRA as a basis for the relief sought, the Court rejects Plaintiff's argument that "[d]estruction of sacred filings" is imposing a substantial burden on Plaintiff's religious exercise or that the Court is failing to impose the least restrictive means to serve a compelling interest. Additionally, Plaintiff's claim that the relief requested is both narrowly tailored and neutral simply is inaccurate.

Plaintiff has not met his burden under Rule 60(b). More specifically, Plaintiff has failed to demonstrate that there has been an intervening change in controlling law, that new evidence is available, or that it needs to correct clear error or prevent manifest injustice. Rather, Plaintiff is simply attempting to re-litigate an issue that has already been decided. Thus, had Plaintiff filed a

3

motion for reconsideration under Rule 60(b), it would be without merit and denied.

Based on the foregoing, it is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion [DE 62] is **DENIED**.

2. Plaintiff is permitted to use AI to aid him in drafting his motions; however, he is responsible for properly overseeing the AI to ensure that he is not including hallucinated cases or law in his Court filings. If Plaintiff continues to improperly utilize artificial intelligence, the Court will consider restricting his filing in this case and imposing sanctions against him. Even *pro se* plaintiffs are required to ensure that the case citations and other legal or factual references in their papers are accurate and correct. As the Court has previously warned Plaintiff about his use of AI [DE 45 at 2], Plaintiff should consider this his final warning.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 21st day of November 2025.

WILLIAM MATTHEWMAN
Chief United States Magistrate Judge