**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-CV-80890-MATTHEWMAN**

DAVID MORRIS CLAYMAN,

     Plaintiff,

vs.

UNITED STATES OF AMERICA, *et al.,*

     Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR**
**EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT**

     Comes now the Defendants, by and through the undersigned Assistant United States Attorney, and hereby files this opposition to Plaintiff's untimely motion for extension of time to file Second Amended Complaint. In support thereof, the Defendants state the following:

**INTRODUCTION**

     Plaintiff, proceeding *pro se*, seeks an extension of time to file a second amended complaint, after the case was dismissed and after the time for him to file an amended complaint has passed. However, Plaintiff has failed to show good cause for needing the extension and this Court should reject his request.

**ARGUMENT**

     When a party moves for an extension of time ***after*** the expiration of the deadline set by the Court, such as in this case, Rule 16(b) of the Federal Rules of Civil Procedure applies, not the more liberal standard of Rule 15(a). *See Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417 (11th Cir. 1998). "To establish ***good cause***, the party seeking the extension must have been diligent." *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1319 (11th Cir. 2008) (emphasis added). "A lack of diligence

is shown by a party's failure to either assert a claim or timely amend when 'the information supporting the proposed amendment to the pleading was available to the movant even before a suit was filed.'" *Eagle R&R LLC v. Specialty Diving of La.*, 2021 WL 6052923, at *2 (S.D. Ala. Sept. 23, 2021) (DuBose, C.J.) (quoting *Sosa*, 133 F.3d at 1419).

This Court recently granted in part Defendants' Motion to Dismiss Plaintiff's Amended Complaint, and dismissed the case *without* prejudice, graciously granting Plaintiff leave to, yet again, amend his complaint. [D.E. 71]. Plaintiff had until December 5, 2025, to amend his complaint, yet he failed to do. In fact, Plaintiff did not even request an extension of time from this Court until *after* the deadline for him to file an amended complaint had passed. Plaintiff clearly did not act with "due diligence" as required by the Eleventh Circuit. In fact, Plaintiff's justification for needing more time is that this case just wasn't the highest thing on his list of priorities. This certainly cannot be seen as good cause to grant a further extension of time to amend his complaint yet again.

Further, this is not the first time the Plaintiff has sought extensions in this case. *See, e.g.* D.E. 36, 56, 68. The mere fact that this case is not a priority for Plaintiff should not constitute good cause for him to continuously be granted extensions of time. Further, the fact that Plaintiff himself stated that he has higher priorities than this case speaks to the merits. [D.E. 73 at p. 2] (stating other projects have a "much higher calmunity [sic] and governmental priority" than the issues of this case). If the Plaintiff himself doesn't see this case as a priority, clearly the burdens he claims are not substantial enough to warrant this case to continue.

Finally, Defendants would be prejudiced is Plaintiff is allowed yet another extension to file yet another amended complaint. Plaintiff, who is proceeding *pro se*, has been in consistent contact with the undersigned via email. These emails, while generally harmless, have become increasingly

hostile, especially when the Defendants refused to agree to another extension of time for the Plaintiff.[1] Plaintiff has threatened the undersigned with criminal and civil claims for classifying his emails as harassing at times, threatened "grave legal consequences", and threatened to "go scorched earth." [2] Allowing the Plaintiff further time to prepare another amended complaint that likely will not cure the deficiencies found in both his complaint and amended complaint, as well as time to continue to send emails attempting to bully the undersigned into submission would be a waste of this Court's and the government's time and resources. Further, every minute spent responding to the baseless claims and countless emails of the Plaintiff takes away from other, legitimate matters of the Defendants.

<strong>CONCLUSION</strong>

For the foregoing reasons, Plaintiff's Motion should be denied.

Dated: December 10, 2025                    Respectfully Submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By:    */s/ Kelsi R. Romero*
         KELSI R. ROMERO
         Assistant U.S. Attorney
         United States Attorney's Office
         Southern District of Florida
         Special Bar No. A5502758
         500 East Broward Blvd, Suite 700
         Fort Lauderdale, FL 33394
         kelsi.romero@usdoj.gov

         *Counsel for Defendant*

---

[1] Notably, Defendants have sought a single extension of time throughout the course of this case, an extension that was opposed by Plaintiff.

[2] The undersigned is unsure of the Plaintiff's intentions behind these threats, but all were received in three separate emails after Defendants refused to agree to an extension of time. The undersigned has responded requesting to only be contacted for official case related issues.