UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-80890-CIV-MATTHEWMAN

DAVID MORRIS CLAYMAN,

    Plaintiff,

v.

SCOTT BESSENT, in his Official Capacity as Secretary of the Treasury; UNITED STATES OF AMERICA; CONGRESS; and DONALD J. TRUMP, in his official capacity as Commander-in-Chief and President of the United States,

    Defendants.
_____/



## ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY AND TEMPORARY INJUNCTION BLOCKING THE PROPOSED TRUMP $1 COIN DESIGN AND ANY OTHER UPCOMING RELIGIOUSLY PROBLEMATIC DESIGNS [DE 51]

THIS CAUSE is before the Court upon Plaintiff David Morris Clayman's ("Plaintiff") Motion for Preliminary and Temporary Injunction Blocking the Proposed Trump $1 Coin Design and Any Other Upcoming Religiously Problematic Designs ("Motion") [DE 51]. The Motion is fully briefed. *See* DEs 59, 63.

### INTRODUCTION

In a nutshell, this lawsuit concerns Plaintiff's belief and assertion that placing the "Divine Name" God on U.S. currency and coins violates the Establishment Clause and the Religious Freedom Restoration Act. In his present Motion, Plaintiff seeks broad and unprecedented injunctive relief against various government officials to, among other things, effectively stop all printing, production, and circulation of currency and coinage bearing the name God. While the

Court does not doubt Plaintiff's strongly held religious beliefs and ardent fervor, his legal position on this pending Motion is simply unsupported and untenable.

## PLAINTIFF'S MOTION

The Court has carefully reviewed the Motion, Response, and Reply, as well as the entire docket in this case and the relevant case law. Plaintiff is seeking a "temporary and preliminary injunction enjoining the United States Treasury Department, the Bureau of Engraving and Printing ('BEP'), the United States Mint, the Secretary of the Treasury and all subordinate officials—as well as the President of the United States in his official capacity" from both "designing, engraving, striking, printing, or issuing any 'quarter-millennial' or other coin or banknote bearing the (a) image or likeness of Donald J. Trump and (b) the motto 'In G-d We Trust'" and "designing, printing, engraving, or minting any new United States coin or banknote that reproduces, displays, or otherwise uses the unhyphenated Divine Name within the National Motto or in any other form of text, inscription, legend, or device, pending the full adjudication of this action." [DE 51 at 1–2].

## ANALYSIS OF INJUNCTIVE RELIEF SOUGHT BY PLAINTIFF

First, it is unclear if Plaintiff is seeking a temporary restraining order ("TRO"). If he is, his Motion fails to meet the criteria of Federal Rule of Civil Procedure 65(b). Further, Plaintiff provided Defendant with notice of the Motion by publicly filing it, and he did not request any ex parte or emergency relief. Thus, the relief sought is really a preliminary injunction or TRO under Federal Rule of Civil Procedure 65(a). Any request for a preliminary injunction or TRO is DENIED.

A court is required to consider the following factors when determining whether preliminary injunctive relief is to be granted: "whether the movant has established: (1) a substantial likelihood

of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citing *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). A showing of irreparable injury is "'the sine qua non of injunctive relief.'" *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citing *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville,* 896 F.2d 1283, 1285 (11th Cir.1990)). Even if a plaintiff can "establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Siegel*, 234 F.3d at 1176.

Here, Plaintiff has not established any of the requisite factors for the entry of a preliminary injunction. First, he has not established a substantial likelihood of success on the merits. While he has filed a Third Amended Complaint, and he is seeking to file an amended version of that complaint, all of which the Court has carefully reviewed, much of the Court's prior analysis in the Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Amended Complaint and Order Denying Plaintiff's Motion for Leave to File Second Amended Complaint [DE 71] still applies. The case law does not clearly support Plaintiff's claim that the motto on U.S. currency and coins violates the Establishment Clause and the Religious Freedom Restoration Act. Further, "injunctive relief must relate in some fashion to the relief requested in the complaint." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005). Plaintiff makes an argument in his Motion that the proposed new coin, which would feature Trump's likeness, violates coinage statutes, but such an argument is irrelevant to the claims in the Third Amended Complaint.

Second, and most importantly, Plaintiff's argument as to irreparable harm is mostly abstract and not based on any actual law. Plaintiff does claim that "[o]nce minted or printed, the coin or note generally cannot be recalled, except by extraordinary legislative or judicial action that as far as the Plaintiff knows is unprecedented. Issuance would also prejudice Plaintiff's currency-reform claims by entrenching the motto before full review." [DE 51 at 7]. However, these allegations do not sufficiently show irreparable injury to Plaintiff. All U.S. currency and coins already contain the "In God We Trust" motto; therefore, all coins and currency would already have to be recalled or somehow rehauled if Plaintiff prevails in this case. Additionally, Plaintiff's argument that issuance of new claims containing the motto "In God We Trust" would prejudice him by entrenching the motto is simply frivolous, as the motto already appears on U.S. currency and costs.

## CONCLUSION

The United States of America will celebrate its 250th anniversary this year on July 4, 2026. The Declaration of Independence refers to "Nature's God." The Pledge of Allegiance refers to "one Nation under God." 4 U.S.C. § 4. The use of the word God on coins began in 1864 on the two-cent coin. "In God We Trust" began to appear on U.S. paper currency in 1957, as required by Public Law 84-140. By statute, all coins must contain the "in God we trust" language. *See* 31 U.S.C. § 5112. In light of this history, statutory authority, and case law, there is simply no basis for this Court to grant the broad injunctive relief sought by Plaintiff.

Based on the foregoing, it is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion [DE 51] is **DENIED**.

2. Plaintiff's request for an expedited hearing contained within the Third Amended Complaint [DE 77] is also **DENIED**, as no hearing is necessary in order for the Court to rule on the Motion.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 8th day of January 2026.

WILLIAM MATTHEWMAN
Chief United States Magistrate Judge