UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:25-CV-80890-MATTHEWMAN

DAVID MORRIS CLAYMAN,

      Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

      Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT

      Defendants, the United States of America *et al.*, by and through the undersigned Assistant United States Attorney, hereby moves to dismiss the Third Amended Complaint [D.E. 78-1] ("Third Amended Complaint") of Plaintiff, David Clayman, pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6), and state as follows:

## I.    INTRODUCTION AND BACKGROUND

      Plaintiff, who is proceeding pro se, filed the Complaint on July 15, 2025, to challenge the printing of "In God We Trust" on United States coins and currency. [D.E. 1]. Plaintiff filed an Amended Complaint on August 4, 2025, containing the same challenge to the printing of "In God We Trust" on United States coins and currency. [D.E. 19]. Plaintiff's claims were dismissed by this Court on November 21, 2025, without prejudice, allowing the Plaintiff to file what he has titled the "Third" Amended Complaint. [D.E. 71]. The Third Amended Complaint also seemingly challenges the printing of "In God We Trust" on United States coins and currency and, like the other complaints, allege that this practice violates the Religious Freedom Restoration Act

("RFRA"), the First Amendment's Establishment Clause and Free Exercise Clause, and the Fifth Amendment's Takings Clause. [D.E. 78-1]. Plaintiff alleges that printing the motto "In God We Trust" on U.S. currency "imposes a substantial burden" on his religious freedom. *Id.* at p. 59.  Plaintiff also adds in a host of other allegations in the Third Amended Complaint, including a violation of his Eighth Amendment rights,

As explained in detail below, Courts have universally held that the printing of "In God We Trust" on U.S. currency and coins violates neither the Constitution, nor RFRA, and Plaintiff's Constitutional violation claims are without merit. Accordingly, the Third Amended Complaint should be dismissed with prejudice.

## II.    LEGAL STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept the complaint's factual allegations as true and draw reasonable inferences in the plaintiff's favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must allege sufficient facts to state a plausible claim for relief. *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Lowe v. Delta Air Lines Inc*., 730 F. App'x 724, 728 (11th Cir. 2018).

"[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.,* 501 F.3d 1244, 1251 (11th Cir. 2007). Where, as here, the challenge is "facial," "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to

state a claim is raised." *Id*. (quotations omitted). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* (quotations omitted).

Plaintiff is proceeding *pro se*. Although courts "are to give liberal construction to the pleadings of pro se litigants, [courts] nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotations omitted). Moreover, "the Court cannot act as an advocate on Plaintiff's behalf and will not conduct his legal research for him." *Crosby v. Florida*, 2022 WL 1289337, at *1 (M.D. Fla. Apr. 29, 2022) (citing *GJR Invs., Inc. v. Cnty of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). "Pro se litigants cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim… Judges cannot and must not fill in the blanks for pro se litigants; they may only cut some linguistic slack in what is actually pled." *Williams v. U.S. Citizenship & Immigrations Services ("USCIS")*, 2023 WL 8079947, at *2 (S.D. Fla. Nov. 21, 2023 (quotations and alterations omitted).

Further, "when amendment is futile, dismissal with prejudice is merited." *In re Amar*, 2019 WL 10733912, at *1 (Bankr. M.D. Fla. June 25, 2019); *see also Rivas v. Small*, 2017 WL 6551159, at *1 (S.D. Fla. Nov. 3, 2017) ("[D]ismissal is with prejudice since leave to amend would be futile.").

## III.    ARGUMENT

### A.  Plaintiff's claims are barred by *Res Judicata*

Plaintiff cannot escape *res judicata* in this case, where he again challenges the placement of "In God We Trust" on currency. The purpose behind the doctrine of *res judicata* is that the "full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States,* 440 U.S. 147 (1979). *Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding. *Citibank, N.A. v. Data Lease Financial Corp.,* 904 F.2d 1498 at 1501 (citing *I.A. Durbin, Inc. v. Jefferson Nat. Bank,* 793 F.2d 1541, 1549 (11th Cir.1986)).

Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. *Id*. All such elements are met in this case. In *New Doe Child No. 1,* Plaintiffs (including the Plaintiff in this case) alleged that "the inscription of the motto 'In God We Trust' on national currency violated their rights under the RFRA, the Free Exercise and Free Speech Clauses of the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment, as incorporated by the Due Process Clause of the Fifth Amendment." *New Doe Child No. 1*, 891 F.3d 578 (6th Cir. 2018). Plaintiff in this case brings claims under the RFRA, the First Amendment and the Fifth Amendment to

challenge the printing of the national motto "In God We Trust" on U.S. currency. [D.E. 78-1]. *New Doe Child No. 1* resulted in a final judgment on the merits. The judgment was rendered by a court of competent jurisdiction and affirmed by the Sixth Circuit Court of Appeals. *See id.* Plaintiff in this case was a party to the Sixth Circuit action. [D.E. 17 at p. 5]. Finally, as discussed above, the claims alleged are essentially identical. Plaintiff may have alleged some of the claims with more specificity in the current case, but such action does not defeat *res judicata*. *See, e.g.*, *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990) ("*Res judicata* applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact."); *Rodemaker v. City of Valdosta Board of Education*, 110 F.4th 1318 at 1330 (11th Cir. 2024) ("Factual allegations do not need to be identical to arise out of the same nucleus of operative fact. The nucleus is the core, not the core and every layer, crack, and fissure.").

**B. Including "In God We Trust" on U.S. coins and currency does not place a substantial burden on Plaintiff's religious practices and does not violate RFRA.**

To state a RFRA claim, a plaintiff must allege facts that show the government imposed a substantial burden on his sincere exercise of religion. 42 U.S.C. § 2000bb-1(a); *Marshall v. Bureau of Prisons*, No. 12-cv-20991, 2013 WL 12077449, at *8 (S.D. Fla. Aug. 16, 2013), *adopted*, 2013 WL 12077450 (S.D. Fla. Sept. 17, 2013). Religious exercise includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7). This definition applies to "the performance of (or abstention from) physical acts that are engaged in for religious reasons." *Navy Seal 1 v. Biden*, 574 F. Supp. 3d 1124, 1138 (M.D. Fla. 2021) (quoting

*Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 693 (2014)). "A substantial burden exists when the Government forces a person to act, or refrain from acting, in violation of his or her religious beliefs, by threatening sanctions, punishment, or denial of an important benefit as a consequence for noncompliance." *New Doe Child No. 1 v. United States*, 901 F.3d 1015, 1026 (8th Cir. 2018) (citing *Hobby Lobby*, 573 U.S. at 719-25). "A facial challenge under RFRA must demonstrate that government action is 'impermissible in all, or at least the vast majority[,] of its intended applications.'" *Navy Seal*, 574 F. Supp. 3d at 1140 (quoting *United States v. Friday*, 525 F.3d 938, 951 (10th Cir. 2008)).

Courts have universally held that printing "In God We Trust" on currency and coins does not substantially burden an individual's religious beliefs. *Newdow v. Peterson*, 753 F.3d 105, 109-10 (2d Cir. 2014); *New Doe Child No. 1 v. Congress of the U.S.*, 891 F.3d 578, 591 (6th Cir. 2018) (government's inscription of "In God We Trust" on currency does not substantially burden plaintiffs' exercise of religion); *New Doe Child No. 1 v. United States*, 901 F.3d 1015, 1025 (8th Cir. 2018) ("While cash may be a convenient means of participating in the economy, there are many alternatives that would not violate the Plaintiffs' stated beliefs. . . . We are aware of no case that has found a substantial burden on similar facts."); *Mayle v. United States*, 891 F.3d 680, 686-87 (7th Cir. 2018) ("because using money is not a religious exercise, and the motto has secular as well as religious significance, [Plaintiff] has not plausibly alleged that the motto's placement on currency increases the burden on practicing [his religion]."); *Newdow v. Lefevre*, 598 F.3d 638, 645-46 (9th Cir. 2010) (motto on U.S. currency did not violate RFRA).

Plaintiff alleges that he cannot use cash currency because it contains "God" in its unhyphenated form, contrary to his religious beliefs, including for paying bail if he is arrested, obtaining goods and services from cash-only businesses, working for companies that accept cash, paying cash-only tolls on roadways, and paying surcharges for low-dollar credit transactions. [D.E. 78-1] at 13-22. However, as noted above, courts repeatedly conclude that such burdens are not substantial under RFRA, and Plaintiff's claim must fail.

Further, Plaintiff attempts to overcome this Court's analysis in its Order granting in part Defendants' Motion to Dismiss [D.E. 71], that many of Plaintiff's claims are speculative at best, or not substantial, by providing further examples of alleged "substantial burdens." Most notably, Plaintiff apparently asked a Starbucks employee if he could qualify for a position as a barista. [D.E. 78-1 at p. 12]. Plaintiff claims the Starbucks employee's statement that they likely could not accommodate him is "a concrete example" of a substantial burden on his employment. *Id*. However, such is not the case. Plaintiff did not apply and was not denied employment due to his religion. Nor was he discriminated against based upon the same. Rather, he "inquired" as to employment and was told "she did not believe she could accommodate." There was no actual application and denial of employment. Plaintiff is simply trying to create a hypothetical substantial burden when no such burden exists.

Finally, Plaintiff's allegation that cash-only bail is a substantial burden or even more so a violation of his Eighth Amendment rights is unavailing. First, such claim was already dismissed by this Court. [D.E. 71 at 7]. Plaintiff can easily secure a bail bondsman to assist in any future bail needs as an alternative to using cash, and as this

Court pointed out, Plaintiff has failed to allege that all jurisdictions require cash bail. *Id*. Additionally, Plaintiff's attempt to turn the bail argument from speculative to concrete by stating his intent to purposely violate the law in protest by "openly cut[ting] the motto 'In God We Trust' from Federal Reserve notes…" is simply absurd. Neither 18 U.S.C. § 333, nor any other law, forces Plaintiff to use cash against his will. Plaintiff has not alleged that his religious beliefs **force** him to cut God's name from currency. Rather, he is choosing to violate the laws of the United States to make a point. Such conduct does not create a substantial burden, rather, it simply shows how desperate this Plaintiff is to come up with a way to keep this case alive.

### C. Printing "In God We Trust" on U.S. currency does not violate the First Amendment's Free Exercise Clause or Establishment Clause.

#### 1. Free Exercise Clause

Plaintiff next contends that inscribing the motto on U.S. currency violates the First Amendment's Free Exercise Clause. [D.E. 78-1] at 55. The Third Amended Complaint alleges that these actions "prevent Plaintiff from engaging in essential civic and economic life" due to religious refusal to desecrate sacred names. *Id.* The Supreme Court has held that "neutral, generally applicable laws that incidentally burden the exercise of religion usually do not violate the Free Exercise Clause of the First Amendment." *New Doe Child*, 891 F.3d at 591 (quoting *Holt v. Hobbs*, 574 U.S. 352, 356-57 (2015)). Specifically, the *New Doe Child* court explained:

> Because Plaintiffs have not alleged that the currency statutes intended to discriminate against them or suppress their religion, and because caselaw demonstrates that the statutes do not lack any valid secular purpose, the currency statutes are neutral for purposes of the Free Exercise Clause. The statutes are also unquestionably generally applicable. Because neutral and generally applicable laws may incidentally burden religious practices consistent with the First Amendment, we affirm dismissal of Plaintiffs' Free Exercise claims.

*New Doe Child*, 891 F.3d at 592-93. "The Free Exercise Clause requires only that the statutes at issue be neutral and generally applicable." *New Doe Child No. 1*, 901 F.3d at 1025. *See also Gaylor v. United States*, 74 F.3d 214, 216 (10th Cir. 1996); *Mayle*, 891 F.3d at 684 ("[I]t is well-settled that the motto on currency does not violate RFRA or the Free Exercise or Free Speech Clauses.") (*citing Lefevre*, 598 F.3d at 645-46); *Newdow v. Peterson*, 753 F.3d 105, 109-10 (2d Cir. 2014).

In *Wooley v. Maynard*, 430 U.S. 705 (1977), while holding that New Hampshire could not require individuals to display the state motto "Live Free or Die" on their license plates, explained that no such prohibition would apply to currency:

> It has been suggested that today's holding will be read as sanctioning the obliteration of the national motto, "In God We Trust" from United States coins and currency. That question is not before us today but we note that currency, which is passed from hand to hand, differs in significant respects from an automobile, which is readily associated with its operator. Currency is generally carried in a purse or pocket and need not be displayed to the public. The bearer of currency is thus not required to publicly advertise the national motto.

*Wooley*, 430 U.S. at 717 n.15. *See also O'Hair v. Blumenthal*, 462 F. Supp. 19, 20 (W.D. Tex. 1978) (dismissing challenge to constitutionality of "In God We Trust" on currency and citing *Wooley*, 430 U.S. at 717 n.15). Accordingly, there is no Free Exercise Clause violation and the Third Amended Complaint is subject to dismissal.

2. The Establishment Clause

The Establishment Clause prohibits Congress from making any law "respecting an establishment of religion." U.S. Const. amend. 1. When considering whether a practice violates the Establishment Clause, courts consider (1) what the historical practices indicate about the constitutionality of the law, and (2) whether the law is impermissibly coercive. *New Doe Child*, 901 F.3d at 1021. The *New Doe Child* court specifically

analyzed these factors with the use of "In God We Trust" on currency, and unequivocally concluded that the Establishment Clause had not been violated. *Id.* at 1021-24. The court explained that the Establishment Clause does not require the Government to purge references to religion or God and that "our 'unbroken history' is replete with these kinds of official acknowledgments, which 'demonstrate that there is a distance between the acknowledgment of a single Creator and the establishment of a religion.'" *Id.* (quoting *Lynch*, 465 U.S. 668, 674 (1984) and *McCreary Cnty. Ky. V. Am. Civ. Liberties Union of Ky.*, 545 U.S. 844, 893 (2005)). The court further explained that "nothing compels [the plaintiffs] to assert their trust in God" and "[c]ertainly no 'reasonable observer' would think that the Government is attempting to force citizens to express trust in God with every monetary transaction." *Id.* at 1024 (citing *Town of Greece, N.Y. v. Galloway*, 572 U.S. 565, 587 (2014)).

### D. The use of "In God We Trust" on U.S. currency does not violate the Fifth Amendment's Takings Clause.

Plaintiff alleges that he has been deprived of the use of his property in violation of the Fifth Amendment because he is unable to use money that was given to him, as it contains the motto "In God We Trust." [D.E. 78-1] at 61. He also contends that his religion prevents him from circulating cash and places a burden on his property rights. *Id.* The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V. The Supreme Court has stated that "'the act of taking' is the 'event which gives rise to the claim for compensation.'" *Knick v. Tw'p of Scott, Penn.*, 588 U.S. 180, 190 (2019). However, the government has not taken anything from Plaintiff and, therefore, has not deprived him of any property;

Plaintiff simply alleges he cannot use cash because of his objection to the use of "In God We Trust" on currency. Further, just as the use of "In God We Trust" on currency does not violate RFRA or the First Amendment, it also does not violate the Fifth Amendment. The fact that Plaintiff felt he could not accept cash or use it in certain situations simply cannot amount to a taking under the Constitution, and Defendant has not uncovered, nor has the Plaintiff provided, any legal authority to suggest that the Takings Clause could even apply in this situation. Accordingly, this claim should be dismissed.

### E.  Plaintiff's Third Amended Complaint is an impermissible shotgun pleading

Rule 8(a)(2) requires that a Complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.* at 1323. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Defendant respectfully submits that a cursory look at the Third Amended Complaint will show that it is an improper shotgun pleading.  Plaintiff's Third Amended Complaint is neither a "short" nor "plain" statement of the allegations he brings against Defendants, and its rambling set of all allegations "fail… to give [Defendants] adequate notice of the claims against [them] and the grounds upon which each claim rests." Moreover, the Third Amended Complaint contains three of the specific hallmarks of

shotgun pleadings, namely, that it "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" and that it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321-22.

Plaintiff has had multiple opportunities at this point to file a complaint that both complies with Rule 8 and states a legally cognizable claim. Yet again, Plaintiff has failed to do so. Instead, he filed 80 pages of ramblings about everything from reincarnation to allegations that including "In God We Trust" on our currency is what is keeping him from finding a spouse. *See* D.E. 78-1. However, in an attempt to make sense of the 80 page Third Amended Complaint, the Defendants have failed to find anywhere that Plaintiff has met his burden in this case of showing substantial burden. Rather, Plaintiff styles his Third Amended Complaint as if it is a motion challenging this Court's prior rulings. Accordingly, this Court should alternatively dismiss Plaintiff's Third Amended Complaint as an improper shotgun pleading.

### F.  This Court Lacks Jurisdiction over the "newly named" Defendants

Plaintiff attempts to add a host of new Defendants to his Third Amended Complaint, however, Plaintiff has failed to properly serve any of them and as such, this Court has no jurisdiction over them.

Under Rule 12(b)(2), a court must dismiss a case if it lacks personal jurisdiction over a defendant. A plaintiff must satisfy "the procedural requirement of service" for a

federal court to exercise personal jurisdiction over a defendant. *Managed Care Advis. Grp., LLC v. CIGNA Healthcare, Inc.,* 939 F.3d 1145, 1156 (11th Cir. 2019) (quotation omitted). Thus "where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)

A court may also dismiss an action under Rule 12(b)(5) for insufficient service of process. *See Rhodes v. Wilkie*, 2019 WL 3934451, at *2 (M.D. Fla. Aug. 20, 2019) ("A defendant may move for dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2) and for insufficient service of process pursuant to Rule 12(b)(5)."). Initially, the defendant "must describe with specificity how the service of process failed to meet the procedural requirements" of Federal Rule of Civil Procedure 4. *Fru Veg Mktg. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1181 (S.D. Fla. 2012) (quotation omitted). The burden then shifts to the plaintiff to show proper service of process. *Id*.

Here, in order to properly serve Defendants, federal officers sued for an act or omission in connection with duties performed on the United States' behalf, Plaintiff was required to both serve Defendants personally AND serve the United States, including serving the United States Attorney for the Southern District of Florida and providing a copy to the Attorney General. See Fed. R. Civ. P. 4(i)(1), 4(i)(3). Plaintiff did not perfect service in this case because he did not serve the Third Amended Complaint on any of the newly named Defendants, as far as the undersigned is aware, and has failed to file proof

of service if such service occurred. Accordingly, the burden shifts to Plaintiff to show that service was proper.

Plaintiff cannot do so. Because there was no effective service of process on any of the newly named defendants, this Court should dismiss the Third Amended Complaint on this alternative ground as to these Defendants.[1] *See Rhodes*, 2019 WL 3934451 (dismissing complaint for failure to properly serve federal defendant); *Thomas v. Box*, 231 F. App'x 858, 860 (11th Cir. 2007) (same).

**G. Dismissal with prejudice is warranted.**

While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys and are thus liberally construed, liberal construction does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Kazmierczak v. FBI*, No. 21-cv-14092, 2021 WL 1873432 (S.D. Fla. Apr. 20, 2021) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014)); *Stone v. Yokohama Bilingual Educ.*, No. 17-cv-24534, 2018 WL 6655601 (S.D. Fla. Oct. 30, 2018) (dismissing frivolous pro se complaint with prejudice). The Third Amended Complaint asserts no legally cognizable claims.

In addition, Plaintiff has repeatedly filed frivolous actions in this Court, along with a number of frivolous motions and other filings that waste party and judicial resources. In 2025 alone, Plaintiff brought the following actions, both of which were dismissed: *David Morris Clayman v. Donald J. Trump, Joseph R. Biden, Republican National Committee Elephant Duopolists, and Democratic National Committee Donkey Duopolists*, No. 25-CV-60120-SMITH (filed Jan. 21, 2025, motion to dismiss with

---

[1] The newly named Defendants include: Marco Rubio, Kristi Noem, Ronald Rowe, Jr., Pam Bondi. [D.E.78-1 at 68].

14

prejudice granted June 2, 2025); *Clayman v. United States*, No. 25-CV-60447-ROSENBERG (filed Mar. 10, 2025, dismissed July 2, 2025). Further, in this case alone, Plaintiff has filed 15 Motions, amounting to countless hours spent by the Defendants and this Court in reviewing and responding to the same. Defendants filed a Motion to Deem Plaintiff a Vexatious Litigant to address this issue, which this Court denied, but the Plaintiff's vexatious behavior has continued through repeated frivolous motions, lengthy emails, and two more complaints that all failed to assert a legally cognizable claim.

Dismissal with prejudice is warranted to prevent further wasting of judicial and governmental resources. Plaintiff has now had ***three*** chances to amend his claims and has still failed to state a claim. As such, this Court should dismiss the Third Amended Complaint ***with prejudice***.

## IV.    CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court DISMISS the Third Amended Complaint WITH PREJUDICE.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By:    */s/ Kelsi R. Romero*
KELSI R. ROMERO
Assistant U.S. Attorney
United States Attorney's Office
Southern District of Florida
Special Bar No. A5502758
500 East Broward Blvd, Suite 700
Fort Lauderdale, FL 33394
kelsi.romero@usdoj.gov

*Counsel for Defendant*