UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80890-MATTHEWMAN

DAVID MORRIS CLAYMAN,

    Plaintiff,

v.

SCOTT BESSENT, in his Official Capacity as Secretary
of the Treasury, et al.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
## THIRD AMENDED COMPLAINT [DE 81]

THIS CAUSE is before the Court upon Defendants, the United States of America, et al.'s ("Defendants") Motion to Dismiss Third Amended Complaint ("Motion") [DE 81]. Plaintiff David Morris Clayman ("Plaintiff") was required to respond to the Motion on or before February 4, 2026, and failed to do so. This matter is now ripe for review.

First, the Motion is due to be granted by default under Southern District of Florida Local Rule 7.1(c)(1), as Plaintiff has failed to timely respond to the Motion. Second, the Motion is due to be granted on the merits for the reasons stated in the Court's prior Order dated November 24, 2025 [DE 71]. The Third Amended Complaint [DE 78-1] does not rectify the deficiencies and issues previously identified by the Court in that Order. More specifically, Plaintiff has, once again, failed to state valid claims for violations of the Religious Freedom Restoration Act, the Free Exercise Clause, the Establishment Clause, the Takings Clause, the Equal Protection Clause of the Fourteenth Amendment, and the Eighth Amendment—Excessive Bail.

In fact, the 80-page, rambling Third Amended Complaint is even more problematic than the prior versions of Plaintiff's complaints. For example, it contains improper legal argument throughout. The Third Amended Complaint also contains a request for class certification when no separate motion has ever been filed. It also adds multiple additional defendants, including Marco Rubio, Kristi Noem, Ronald Rowe Jr., Palm Bondi, and President Donald J. Trump, for the first time without even explaining which (insufficiently pled) counts apply to which defendants. Thus, it is an impermissible shotgun pleading.[1] And, there is no evidence that Plaintiff has served these new defendants, which means the Court lacks personal jurisdiction over them. Moreover, the relief sought at the conclusion of the Third Amended Complaint is improper.[2] In sum, this iteration of the complaint is even more frivolous than the prior versions and is due to be dismissed. Further, any additional amendment would be futile, and Plaintiff has already had multiple opportunities to plead his complaint. Thus, the Court is dismissing the Third Amended Complaint with prejudice.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion [DE 81] is **GRANTED**.

2. The Third Amended Complaint is **DISMISSED WITH PREJUDICE**.

---

[1] "'Shotgun' pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements." *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). There are four basic types of shotgun pleadings: (1) those in which each count adopts the allegations of all preceding counts; (2) those that are simply replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each cause of action or claim for relief into different counts; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *See Weiland*, 792 F.3d at 1321–23 (quotations omitted); *see also Strategic Income Fund, LLC. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996).

[2] For example, Plaintiff seeks a "declaratory judgment establishing that the Equal Protection Clause of the Fourteenth Amendment is automatically and implicitly invoked in every filing submitted to this Court and any court reviewing this case, such that any litigant—whether represented by counsel or proceeding pro se—shall be deemed to have asserted Equal Protection claims wherever such claims would be applicable to the facts alleged, without requiring explicit citation." [DE 78-1 at 73]. This is not relief that can or should be granted.

3. The Clerk of Court shall **CLOSE** this case.

   **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of February 2026.

   _____
   WILLIAM MATTHEWMAN
   Chief United States Magistrate Judge