**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
West Palm Beach Division



| | |
|---|---|
| **DAVID MORRIS CLAYMAN**<br><br>‖ Δavid M. Clay$^5$man ‖ אדם דוד קלײמן, <br><br><br>Plaintiff-Appellant,<br><br><br>v.<br><br><br>**SCOTT KENNETH HOMER BESSENT,**<br><br>in his official capacity as Secretary<br><br>of the Treasury of the United States,<br><br><br>Defendant-Appellee. | **Case No. 9:25-cv-80890-WM**<br><br><br>Honorable William Matthewman<br><br>United States Magistrate Judge<br><br><br>FILED BY _PCS_ D.C.<br><br>MAR 25 2026<br><br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S.D. OF FLA. – W.P.B. |

# NOTICE OF APPEAL

Plaintiff-Appellant David Morris Clayman ‖ Δavid M. Clay$^5$man ‖ אדם דוד קלײמן, proceeding pro se, hereby gives notice pursuant to Rule 3 of the Federal Rules of Appellate Procedure that he appeals to the United States Court of Appeals for the Eleventh Circuit from the following orders, judgments, and rulings of this Court, individually and cumulatively:

**1. *Order Dismissing/Closing Case or Party***: Entered February 10, 2026. The final order disposing of this action, from which this appeal is primarily taken.

**2. *Dismissal for Failure to State a Claim and Dismissal for Lack of Jurisdiction***: Entered January 21, 2026. The Court's ruling that Plaintiff's RFRA and related constitutional claims were legally insufficient and/or non-justiciable, without the benefit of a substantive evidentiary hearing.

**3. *Order on Motion for Hearing and Order on Motion for Preliminary Injunction***: Entered January 8, 2026. The Court's denial of Plaintiff's request for a preliminary injunction and a

substantive hearing, foreclosing meaningful adjudication on the merits.

**4.** *Order on Plaintiff's Rule 59(e) Motion to Alter or Amend Order*: Entered November 21, 2025 (DE-72). Denying Plaintiff's motion to alter or amend the Court's prior order and seeking return and proper treatment of the Sacred Names of G-d.

**5.** *Page-Length Equivalence Order (DE-57)*: The Court's ruling that because opposing counsel's filing was nine (9) pages, Plaintiff's response "need not reasonably be more" than nine pages — issued over Plaintiff's explicit objection under Brandolini's Law, which holds that the effort required to refute disinformation is asymmetrically greater than the effort required to produce it. This order structurally disadvantaged Plaintiff as an unrepresented party facing institutional counsel.

**6.** *Order Denying Motion for Permanent Injunction Protecting Pro Se Plaintiffs (DE-43)*: The Court's denial of Plaintiff's motion for a permanent injunction that would have protected pro se plaintiffs in this District from premature prejudicial dismissal before a substantive hearing on the merits.

**7.** *Order Denying Electronic Filing Privileges (DE-20)*: The Court's refusal to grant Plaintiff electronic filing access, despite Plaintiff's demonstrated technological capacity and the Court's own CM/ECF infrastructure. This ruling effectively converted Plaintiff — and by extension every current or foreseeable pro se litigant in this District who does not hold a law degree — into a paper-dependent serf, at structural disadvantage relative to credentialed counsel.

**8.** *Constitutionally Unstable Judicial Settlement*: The Court's approval or ratification of a settlement framework insufficiently protective of Plaintiff's sincerely held religious liberty interests under RFRA and the First Amendment.

**9.** *Characterization of This Case as Vexatious Without Substantive Hearing*: The Court's choice to characterize this action as vexatious in its dismissal order without having first conducted any substantive evidentiary or merits hearing, denying Plaintiff the procedural predicate necessary for such a finding.

**10.** *Failure to Intervene Against Entropic Adversarial Waste*: The Court's tolerance of vexatious litigation conduct by opposing party beyond a first mention, without timely judicial intervention to halt clearly unfit adversarial tactics, in violation of the Court's inherent case management obligations.

**11.** *Cumulative Procedural Rate: Split Time to Substantive Hearing*: Plaintiff appeals the cumulative procedural rate of this litigation — specifically, the elapsed time from the date of filing to a substantive hearing, and tracing back further to the underlying realization of religious need in or about July 02014 — as itself constituting an unconstitutional deprivation. The government's twelve-year burden upon Plaintiff's sincere religious exercise, unrelieved by any substantive legislative, executive, kalmersial banking rule change support earlier, or judicial

engagement, is cognizable harm under RFRA.

12. ***Need for kinetikally sound Sane, Speedy[5], Fortnite, FÆR Horkruxéd Dualindiv HÆRINGS, before exhaustions, with available locke-in of a judisial view or leaning quikly[5], like Chief Magistrate Judge's relianse on the representation of the Name of G-D in the Declaration of Independence by the author of the Jefferson Bible (notably relying on Jefferson's unorthodox stances in 11776, which was more than 83 years prior to the 11859-11 月 24 publication of Darwin's Origin of Species), where he should have exposed that hand of his he was crutching close to his chest, that no other party even introduced, sited, or argued in this case, within a Fortnite of filing, no later than 12025-07月 28, 239 days ago in this annus mirabilis in approaching the Quartermillenial:*** Had those decisions been exposed then, in a ***Sane, Speedy[5], Fortnite, FÆR Horkruxéd Dualindiv HÆRING*** from which I could have proceeded to Appeals in another very poorly named Roman imperial month, Augustus 12025, allowing Plaintiff to get kalmunity leagle and legal agreement on this kase openly[5] arguably no later than 180 days ago, if District and Appeals Courts were kinetikally better adjusted, and I didn't hit any justifiable national vakation slow-zone delay[5] periods that, for this time-sensitive kase, I couldn't get emergency[5] promotion done within.  Plaintiff appeals the cumulative procedural rate of this litigation — specifically, the elapsed time from the date of filing to a substantive hearing, and tracing back further to the underlying realization of religious need in or about July 02014 — as itself constituting an unconstitutional deprivation kaused by multisystem legal and leagle failure in past years at many levels of the bar, sosiety[5], and government. The government's twelve-year burden upon Plaintiff's sincere religious exercise, unrelieved by any substantive legislative, executive, kalmersial banking rule change support earlier, or judicial engagement, is cognizable harm under RFRA.

13. Decisions like failing to allow all Defendants named by the Defendant to be included on the case, even when Plaintiff was directly impacted by a nesessarily[5]-Presidential Executive Order having the effect of targeting and burdening his religious beliefs, and Plaintiff wished to also list the Defendant Trump (who strangely has avoided vexatious litigant labeling so far given his legal history and patterns as kompared to mine, seeing how vosiferous his advokate the ADA Kelsi Romero was to label me as such) as a Fallback Responsible Delegating Defendant if there are any printings, stampings, or anything else anywhere in Government at any level that don't  meet the secularity[5] and sivigious (civic religious) standards this Appeals Court would find appropriate for the next 250 years in multicultural, Hippokratik, and post-Hasmonean religious pluralism, and the ways in which any attachéd integrated currency redesign or retitling kontest or kontext could marginally[5] move moral marathons momentously[5], in permitting, akomodating, and supporting further kalmunity[5] religious expression.

These appeals arise from Plaintiff's claims brought pursuant to the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb et seq., and related constitutional provisions, challenging the inscription "In G-D We Trust" on United States currency and official government

documents as a violation of Plaintiff's sincerely held religious beliefs and rights of conscience. Plaintiff has proposed, as a limited compromise on the motto question, the formulation "In G We Trust."

The United States is a party to this action. Pursuant to Fed. R. App. P. 4(a)(1)(B), the time for a non-governmental party to file a notice of appeal is sixty (60) days from the entry of the judgment or order appealed from. Pursuant to Fed. R. App. P. 26(a)(1)(C), when the last day of that period falls on a Sunday or legal holiday, the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Plaintiff respectfully notes for the record that the correct and complete legal name of Defendant is **Scott Kenneth Homer Bessent** (B-E-S-S-E-N-T), Secretary of the Treasury of the United States. To the extent prior filings in this action have reflected an inadvertent misspelling of the Secretary's surname, Plaintiff sincerely apologizes to this Court and to Defendant, and respectfully requests that the official case caption and all Court records be corrected accordingly.

Respectfully submitted,

**David Morris Clayman || ∆avid M. Clay⁵man || אדם דוד קליימן**
Plaintiff-Appellant, Pro Se
7930 Palacio Del Mar Drive
Boca Raton, FL-23 33433-4148
+1 (321) 252-9626
david@civigion.org | david@ingwetrust.org
david@clayman.org | david@lifesaverlabs.org

Dated: March 23, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2026, I caused a true and correct copy of the foregoing Notice of Appeal to be served upon counsel for Defendant-Appellee by electronic mail and by certified U.S. Mail at the following address:

**Kelsi Romero, Esq.**
United States Attorney's Office
Southern District of Florida
500 East Broward Boulevard
Fort Lauderdale, Florida 33394
Kelsi.Romero@usdoj.gov
Counsel for Defendant-Appellee

David Morris Clayman / IN^8p 919 09/6
7930 Palacio Del Mar Drive
Boca Raton, FL23 33433-4148
+1 (321) 252-9626

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
**CERTIFIED MAIL®**

9589 0710 5270 4085 9763 70

Retail
UNITED STATES
POSTAL SERVICE
33401
RDC 99

U.S. POSTAGE PAID
FCM LG ENV
WEST PALM BEACH
FL 33416
MAR 23, 2026
**$1.90**
S2324E501978-24

RDC 99

Retail
33401
U.S. POSTAGE PAID
FCM LG ENV
WEST PALM BEACH
FL 33416
MAR 23, 2026
**$5.30**
S2324E501978-24

US District Kourt for the Southern District of Florida
Klerk of Kourts
701 Clematis Street, Room 202
West Palm Beach, FL-22 33401-5101
+1 (561) 803-3400

INSPECTED